422 P.2d 623

**Dennis HUNTER and Bonnie Frost, Plaintiffs-Appellants,**

**v.**

**Katherine E. KENNEY, Defendant-Appellee.**

**No. 8002.**

Supreme Court of New Mexico.

Jan. 16, 1967.

Eugene E. Klecan, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., Albuquerque, for appellee.

## OPINION

CHAVEZ, Chief Justice.

This appeal is the consolidation of two cases resulting from an automobile accident that occurred on February 1, 1964, on State Highway No. 10 in Sandoval County, New Mexico. Plaintiffs-appellants, Hunter and Frost, alleged that defendant-appellee Kenney was guilty of reckless and wanton conduct or simple negligence in the operation of the automobile. Appellee admitted the occurrence of the accident; that she was attempting to drive; that appellants were passengers in the vehicle; but denied all liability and set up a number of affirmative defenses, including assumption of risk, con-

tributory negligence and unavoidable accident. Appellee also claimed, in a third-party complaint against Hunter in the action filed by Bonnie Frost, that the acts of Hunter were responsible for the accident and resulting injuries and alleged, if appellee were liable to Frost, that Hunter was a joint tortfeasor. From a judgment in favor of defendant-appellee, plaintiffs-appellants have appealed.

Appellants contend that the trial court committed reversible error in allowing Frank O. Westerfield, an attorney for appellee, to testify as a witness in the trial of these consolidated cases. Mr. Westerfield represented appellee in a criminal proceeding arising out of the automobile accident, and the thrust of the argument made by appellants is that, having asserted the attorney-client privilege when subpoenaed for pretrial deposition, Mr. Westerfield was permanently barred from later testifying after waiver of the privilege and at the request of appellee.

There is no merit in this contention. Appellants have cited no authority to support it and our own research has not revealed any case that will support it.

The record reveals that, at the time of the accident, appellee was driving in a southerly direction and appellants were injured when the car left the highway and went over an embankment. Appellee was charged with reckless driving by the state police. Mr. Westerfield represented appellee at the trial held before a justice of the peace and, at the time of the trial of this civil action, the decision of the justice of the peace was being appealed by Mr. Westerfield to the district court.

On two occasions prior to trial of this case, appellants subpoenaed Mr. Westerfield for deposition. On both occasions he asserted the attorney-client privilege on the ground that he was representing appellee in the criminal proceedings. On the fourth day of the trial, Mr. Westerfield stated that appellee had waived the privilege and proceeded to testify as a part of appellee's case. His testimony covered many material points learned by him from actual observations made at the scene of the accident on the day of the accident, and from statements made to him as to the cause of the accident by appellant Frost a few days after the accident. These statements appear to be directly opposed to any liability on the part of appellee. Appellants objected to all of this testimony on the ground that Mr. Westerfield had refused to submit to a discovery procedure on two occasions and should not be allowed to testify. It is noted that appellants do not contend that the assertion of the privilege was too broad, or that it does not cover any or all of the matters to which it is claimed.

We see nothing in our rules which in any way suggests a limitation on the right of an attorney to testify, such as appellants seek to have us impose. Neither do we perceive

any reason for such a rule. We are satisfied that appellants had available, under the rules, a number of methods whereby they could have avoided being prejudiced by what occurred. For a discussion of one of these, see Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65.

It is fundamental and settled law that the attorney-client privilege belongs to the client, and that an attorney has no option but has an affirmative duty to assert the privilege until his client has waived it. In Tillotson v. Boughner, (7th Cir. 1965), 350 F.2d 663, the court stated:

> "Another reason why the privilege has not been waived is that the privilege is that of the client. Here, the client is not a party to this suit. As stated in 8 Wigmore, Evidence, § 2321—'Under the original theory of the privilege, it was the attorney's, not the client's (§ 2290, supra). But under the modern theory (§ 2991, supra), it is plainly the client's, not the attorney's. This is now never disputed.'

> "In Schwimmer v. United States, 8 Cir., 232 F.2d 855, 863, the Court said—'The privilege thus is one that exists for the benefit of the client and not the attorney. * * * But the attorney has the duty, upon any attempt to require him to testify or produce documents within the confidence, to make assertion of the privilege, not merely for the benefit of the client, but also as a matter of professional responsibility * * *.' "

If we were to adopt appellants' contention, it would be contrary to the underlying reason for the attorney-client privilege. In 58 Am.Jur., Witnesses, § 462, pp. 259–260, the policy is stated:

> "The rule prohibiting disclosure of confidential communications made by client to his attorney is based upon grounds of public policy. When one seeks the professional advice and assistance of an attorney at law with the view of securing and enforcing his rights, or of defending himself against civil claims or criminal charges, it is necessary that he be able to make a full disclosure of all facts and circumstances that go to substantiate his claim or defense, and the law, by throwing this cloak of protection around communications between attorney and client, encourages the client to make full disclosure of the facts. * * * "

See also, VIII Wigmore, Evidence, § 2291, p. 545. Adoption of appellants' contention would do violence to this policy and possibly, under circumstances as in the instant case, cause the client to pay a heavy price by forcing an attorney, called for pretrial deposition, either to violate his obligation to assert the privilege, or to forever preclude his client from waiving the privilege at any subsequent time in the course of litigation. When we balance appellants' contention against this policy, and consider the many alternate methods of determining whether or not a witness will testify and the sub-

stance of his testimony, we see no valid need to add this restriction to the attorney-client privilege.

■ Appellants' second contention is that a portion of the closing argument of counsel for appellee was improper, and that the statements made were inflammatory, prejudicial and wholly devoid of all truth. The portion complained of is:

"MR. ROEHL: May it please the Court, ladies and gentlemen, whenever I get involved in a lawsuit I try to think of a title for the lawsuit and last week when we were trying this case I couldn't help but think it was Holy Week and all week long I kept thinking of Judas, the fellow that betrayed his friend and I can't help but think here in this case we have all four of these people going out in a car together, they are all friends, here they are, but did I say they are all going out for a night and then the first thing we know we have one of them turning a traitor, turning a Judas, and Dennis Hunter files a suit against the defendant here.

"MR. KLECAN: Your Honor, I am going to object to that, I think it is really improper.

"THE COURT: Overruled. Proceed."

There then followed statements to the effect that appellant Frost was also a traitor to her friend Kenney. Appellants have not properly preserved this point for review.

Counsel failed to specify his grounds for objection and thereby failed to alert the trial court to the error, if there be error.

In State v. Sedillo, 24 N.M. 549, 174 P. 985, this court held:

"* * * It is the rule in this jurisdiction that objection must be made to improper argument and a request made to take it from the consideration of the jury, but it has not heretofore, we believe, been held that the ground of the objection must be specified. We hold that the ground of the objection to alleged improper argument to the jury must be specified and made known to the court, so that the court may intelligently rule thereon, and that when this is not done the proposition is not properly reviewable here on appeal. * * *"

Accord, State v. Martinez, 53 N.M. 432, 210 P.2d 620; State v. Costales, 37 N.M. 115, 19 P.2d 189.

■■ In any event, the trial court has wide discretion in controlling argument of counsel in addressing the jury and, absent a clear abuse of this discretion, it is not for us to interfere. Beal v. Southern Union Gas Co., 66 N.M. 424, 349 P.2d 337, 84 A.L.R.2d 1269. Also, we would observe that, by its instruction No. 34, the trial court went beyond what is generally stated in stock instructions to the general effect that the jury should not give undue consideration to the arguments of counsel, as they do not con-

stitute facts but only statements by the attorneys. We are not impressed that, under the facts here, the trial court erred in overruling counsel's objection to the argument.

Finding no error, the judgment is affirmed.

It is so ordered.

MOISE, J., and LaFEL E. OMAN, J., Court of Appeals, concur.