Grace A. BECK, Defendant Below,
Appellant,

v.

Russell J. HALEY, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Feb. 28, 1968.

Houston Wilson, Georgetown, for defendant below, appellant.

Harold Schmittinger of Schmittinger & Rodriguez, Dover, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from judgment for the plaintiff in an automobile negligence case. The determinative question is whether the

jury instruction as to the law of contributory negligence was sufficiently related to the facts. We think not.

At the outset, it is important to note that the issue of contributory negligence is, as the Trial Judge stated, a "close factual issue" in this case. That this is so appears from the following uncontroverted facts:

The accident occurred on Main Street in Clayton. The plaintiff Russell J. Haley was operating a taxicab in an easterly direction on Main Street. The speed limit along Main Street was 25 m. p. h. at the scene of the accident, but it became 40 m. p. h. just a few feet easterly, where the town limits ended. Main Street was a two-lane highway, marked by a broken center line indicating a passing zone. Directly behind the Haley vehicle, about one car-length distant, was an automobile operated by a Mrs. Pinder. It was dusk and headlights were on all vehicles involved. From the southerly lane, Haley began a left turn into a private driveway located on the northerly side of Main Street, to pick up a passenger. As he did so, an automobile operated by the defendant Mrs. Grace A. Beck passed the Pinder car in the northerly passing lane. As Haley's vehicle crossed the center line of the street, the Beck vehicle collided with it in the passing lane, the right front of the Beck car striking the left front door area of the Haley vehicle. After the collision, the two vehicles came to rest at the entrance of the driveway, both upright and still headed east, and about two car-lengths apart.

On his deposition, admitted in evidence, Haley conceded that he knew the Beck car was in the passing lane before he began the left turn into the driveway. Later, he contradicted himself in this connection. On his deposition, Haley also testified:

"Q The truth of the matter is, that was no safe time or place for anybody to make a left turn under those conditions, was it?

"A I guess not.

\*  \*  \*  \*  \*  \*

"Q Isn't it correct that that was no safe time or place to make a left turn, when she was right there in the act of passing?

"A Yes."

And at the trial, Haley testified:

"Q Was it a safe time and place to make a left turn or not?

"A Was it safe? Is that what you mean?

"Q Was it a safe time and place for you to have made a left turn in front of Mrs. Beck's car? When she was one car-length in back of you in the passing lane with her headlights on in the act of passing the Pinder car, was it safe, or was it not?

"A (No response.)

"MR. WILSON: Would the Court instruct the witness—

"THE WITNESS: I know what it is.

"THE COURT: Do you have an answer to the question, Mr. Haley?

"THE WITNESS: All I can say is no, it is [was] * not safe. I know I had my left signal on to make my left turn. I was not at fault.

Later in his testimony, Haley attempted to absolve himself of the damaging effects of the above statements.

The defendant requested particularized jury instructions upon the issue of contributory negligence, with specific application of the law to the facts. Specifically, the defendant requested that the jury be charged in detail relative to the facts and the common law duties of keeping a proper

"* Parenthetical insertion by Appellant's attorney."

lookout and maintaining proper control, and the statutory duties imposed by 21 Del.C. §§ 4122, 4155–4157, and 4168.[1] Detailed drafts of particularized instructions applying the lookout duty and § 4122 to the facts of the case, as examples of the type of specific instructions being requested, were submitted by the defendant to the Trial Court. The Trial Court denied the requested instructions.

Under those circumstances, after the usual definitions of negligence and proximate cause, the Trial Court charged the jury substantially as follows upon the issue of contributory negligence: That Mrs. Beck claimed that Haley was guilty of contributory negligence; that she had the burden of proving such negligence and its proximate cause; that Haley must have been free of negligence, which proximately contributed to the accident, in order to be entitled to recover. As to Mrs. Beck's claim that Haley failed to keep a proper lookout and failed to keep his vehicle under proper control, the instructions to the jury were limited to the following:

"Now, first of all, Mrs. Beck charges that the plaintiff Mr. Haley failed to keep a proper lookout.

"I have previously described to you in some detail the duty of a driver to keep a proper lookout. Those comments are equally applicable to Mr. Haley. If you find that Mr. Haley did fail to keep a proper lookout, and this failure was a proximate cause of the accident, then he cannot recover.

"Secondly, Mrs. Beck charges that Mr. Haley failed to keep the car he was driving under proper control, and again I have previously instructed you as to the duty of a driver to maintain control of his vehicle. Those comments are equally applicable to Mr. Haley.

"So if you find that Mr. Haley failed to maintain proper control of his vehicle, and if such failure was a proximate cause of the accident, then he cannot recover."

The charge then passes to Mrs. Beck's claim that Haley was guilty of contributory negligence in that he violated various motor vehicle statutes, 21 Del.C. §§ 4122, 4155–4157, and 4168. The charge on this phase of the case was limited to a reading of the text of each Statute, followed only by this summation:

"Therefore, if you find that the plaintiff Mr. Haley violated any of the above statutes, he would be guilty of negligence in law or negligence per se, as I have defined that earlier. And if you further find that this was one of the proximate causes of the accident, you should return a verdict for the defendant.

"In summation, therefore, of Mrs. Beck's charges of contributory negligence by Mr. Haley, if you find that Mr. Haley failed to maintain or keep a proper lookout, or failed to maintain proper control of his motor vehicle, or violated any of the Delaware statutes which I have just read to you, then he

---

1. 21 Del.C. § 4122 provides, *inter alia*, that whenever a roadway has been divided into two or more marked lanes for traffic, a vehicle shall not be moved from one lane to another "until the driver has first ascertained that such movement can be made with safety." § 4155 provides, *inter alia*, that no person shall:
"* * * turn a vehicle to enter a private road or driveway, or otherwise turn from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided:
"(b) A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet travelled by the vehicle before turning."
And § 4156 and 4157 provide, *inter alia*, that such signal of intention to turn shall be given by hand and arm, or signal lamp, or mechanical signal device, as therein prescribed. 21 Del.C. § 4168 provides, *inter alia*, that speed shall be limited to that which is "reasonable and prudent under the conditions."

is guilty of contributory negligence. And if you find, further, that this contributory negligence was a proximate cause of the accident, then the defendant Mrs. Beck is entitled to a verdict in her favor."

The foregoing was the sum and substance of the jury charge as to contributory negligence. Timely and explicit exceptions to this treatment of that issue were made by the defendant.

We hold that the foregoing was an inadequate submission to the jury of the issue of contributory negligence, for the reason that the Trial Court failed to apply the law specifically to the facts of the case. The general charge on the law of contributory negligence in the abstract was insufficient. This Court has frequently held that the statement of the abstract rule of law is inadequate. Robelen Piano Company v. DiFonzo, 3 Storey 346, 169 A.2d 240 (1961). The duty of the Trial Court in this regard was stated by this Court in Island Express v. Frederick, 5 W.W.Harr. 569, 171 A. 181 (1934) as follows:

"It is the duty of trial Courts to submit all the issues, both the cause of action and the defense, affirmatively to the jury, and with such application of the law to the evidence as will enable the jury intelligently to perform its duty * * *."

And the Trial Court is not relieved of the duty to apply the law properly to the facts of the case, upon request because of any deficiency in the instruction requested by the party. Baker v. Reid, 5 Terry 112, 57 A.2d 103 (1947); Robelen Piano Company v. DiFonzo, supra; compare McNello v. John B. Kelly, Inc. (3 Cir.) 283 F.2d 96 (1960).

The defense of contributory negligence was of great importance to Mrs. Beck throughout this case. Contributory negligence was the main basis for her motion for summary judgment; and it was the main basis of her several motions during and after the trial. In view of the consensus that contributory negligence is such a "close question" in this case, that issue should have been submitted to the jury with particular care and particularity. For example: the jury should have been instructed that it was obliged to decide whether, as Mrs. Beck claimed, she was in the process of passing the Pinder car when Haley commenced his left turn in her path and, if so, whether Haley should have been able to see her approaching before he changed direction; or, on the other hand, whether Mrs. Beck was not in the process of passing when Haley commenced the turn, but rather that she "swooped" from behind the Pinder car after he started the turn, as Haley claimed. Also, the jury should have been called upon to decide whether Haley had moved from one lane to the other without first seeing that such movement could be made with safety or without the signal prescribed by the Statutes. A proper decision as to the performance by Haley of his duties of lookout and control, and of his duties under the various Statutes, revolves about such factual findings. These are the kinds of deliberations the instructions should have called upon the jury to undertake with respect to the issue of contributory negligence. Manifestly, it was not so charged.

We hold, therefore, that there was prejudicial error in the jury charge in this regard, and a new trial must be granted.

The Superior Court's denial of the defendant's motions for summary judgment and directed verdict will not be disturbed. We have had difficulty with Haley's several statements, above quoted, which, in our view, come so close to admissions of contributory negligence as to approach the sphere of Wootten v. Kiger, Del., 226 A.2d 238 (1967). And we have had difficulty with questions such as: how could Mrs. Beck travel the distance from behind the Pinder car to the point of collision, as Haley claimed, in the second or two it took Haley to cross the center line

into the passing lane where the impact occurred? and if she were going fast enough to accomplish that, and the Beck car then hit the Haley car broadside, how was it that neither car turned over and both came to rest upright within a few feet of the point of impact? But we have concluded that, in view of Haley's many self-contradictions, in view of his limited education, and in view of the jury's reaction to all of the evidence, the ends of justice will be best served by not according to his statements the fatal results they might otherwise have had; and to submit his case, under proper instructions, to the wisdom of a jury. As to the questionable factual matters mentioned, we leave them to a jury, too; for we are unable to say, in the present posture of this case, that a reasonable person can draw from the evidence, viewed in the light most favorable to the plaintiff, but one inference pointing clearly to the negligence of the plaintiff. Floyd v. Lipka, 1 Storey 487, 148 A.2d 541 (1959).

Athough not necessary to the disposition of this appeal, we express the following views, upon other points raised on the appeal, for the assistance of the Trial Court in the new trial:

 In the retrial, the Trial Court may be confronted again with the question of the admissibility of the sketch of the accident which was prepared by a police officer and used by both parties in giving their testimony. Both parties testified that the sketch correctly portrayed how the accident happened. The police officer who prepared the sketch was not available to testify. It is held that the sketch should have been admitted in evidence, but for the limited purpose of making as clear and understandable as possible the testimony of the parties. It was error to reject the sketch as hearsay.

Upon retrial, the Superior Court may also be confronted again with the defendant's contention that the evidence did not warrant submission to the jury of the issue of loss of future earnings. We are of the opinion that there was sufficient contrariety of medical opinion, as to Haley's prognosis, to justify putting the question of loss of future earnings to the jury.

* * *

The judgment below must be reversed and the cause remanded for new trial.