## AMERICAN CASUALTY CO., Appellant, v. PROPANE SALES & SERVICE, INC., Respondent.

No. 6477

September 14, 1973                    513 P.2d 1226

*Beckley, DeLanoy & Jemison, Chartered,* of Las Vegas, for Appellant.

*Rose, Pico & Norwood, Ltd.,* of Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

American Casualty Co., as subrogee to the rights of its insured, Wells-Stewart Construction Co., brought this action against Propane Sales & Service, Inc., to recover money paid to Wells-Stewart for a fire loss. American Casualty contended Propane Sales negligently caused the fire while refilling a propane gas tank at Wells-Stewart's asphalt plant. After a trial, the jury returned a general verdict for Propane Sales, and American Casualty has appealed the judgment entered on that verdict. One error, particularly, forces us to remand this case for a new trial, at which other rulings assigned as error will not necessarily recur. Hence, on this appeal, we consider only the trial court's error in rejecting the following specific instruction concerning appellant's burden of proof:

"In an action for injury resulting from an escape or explosion of gas, the burden of proof rests on plaintiff to prove the facts constituting his cause of action. Hence plaintiff must prove that the cause of the injury was escaping gas, that it escaped through the negligence of the company, that it accumulated in the place where the injury occurred, and that defendant's negligence proximately caused the damage. *It is not necessary, however, for plaintiff to show how the gas became ignited.*" (Emphasis added.)

The refused instruction correctly stated the law. Bubrick v. Northern Illinois Gas Co., 264 N.E.2d 560 (Ill.App. 1970); Marshall v. Co-operative Oil Co. of Olmsted County, 169 N.W.2d 395 (Minn. 1969); Great American Insurance Co. v. Modern Gas Co., 101 S.E.2d 389 (1958); Chattanooga Gas Co. v. Underwood, 270 S.W.2d 652 (Ct.App.Tenn. 1954). The cause of ignition was immaterial if respondent's negligence was a proximate cause of the fire. Ehler v. Portland Gas & Coke Company, 352 P.2d 1102 (Ore. 1960); McClure v. Hoopeston Gas & Electric Co., 135 N.E. 43 (Ill. 1922); Moore v. Lanier, 42 So. 462 (Fla. 1906); Coffeyville Mining & Gas Co. v. Carter, 70 P. 635 (Kan. 1902). As the court

said in Luengene v. Consumers' Light, Heat & Power Co., 122 P. 1032 (Kan. 1912): "To hold that a man . . . must, when injured by such an explosion, prove what intervening hand or agency caused the spark is unreasonable, and in many cases would be impossible." Id. at 1034.

Of course, a party is "entitled to have specific charges upon the law applicable to each of the hypotheses or combinations of facts which the jury, from the evidence, might legitimately find." Dixon v. Ahern, 19 Nev. 422, 429, 14 P. 598, 601 (1887). This, we believe, is not only the law in Nevada, but throughout the United States. All authorities we have examined hold that general, abstract ("stock") statements of the law are not sufficient if proper request for a specific instruction on some important point has been duly proffered to the court.[1]

For example, in Beck v. Haley, 239 A.2d 699 (Del. 1968), the Delaware Supreme Court held it reversible error to submit a rear-end accident case on general instructions concerning contributory negligence, when the evidence rendered appropriate a specific charge concerning an overtaking motorist's collision with an overtaken motorist. "It is the duty of trial Courts to submit all the issues, both the cause of action and the defense, affirmatively to the jury, and with such application of the law to the evidence as will enable the jury intelligently to perform its duty." Id. at 702.

Again, in Stanich v. Western Union Tel. Co., 153 S.W.2d 54 (Mo. 1941), the Missouri Supreme Court said that submitting a case on nothing but general, abstract legal propositions "would give the jury a roving commission as to the facts and permit them to pass upon a question of law according to any theory they could construct or evolve in their own minds." Id. at 58. As we see it, this is just the problem that existed in the instant case, when the trial court refused to instruct the

---

[1] See, for example: Investment Properties of Asheville, Inc. v. Norburn, 188 S.E.2d 342 (N.C. 1972); Doser v. Interstate Power Company, 173 N.W.2d 556 (Iowa 1970); Welch v. Sheley, 443 S.W.2d 110 (Mo. 1969); Pacific Insurance Company of New York v. Frank, 452 P.2d 794 (Okl. 1969); Menchaca v. Helms Bakeries, Inc., 439 P.2d 903 (Cal. 1968); Hester v. Watson, 448 P.2d 320 (Wash. 1968); Beck v. Haley, 239 A.2d 699 (Del. 1968); Endermuehle v. Smith, 372 S.W.2d 464 (Mo. 1963); Kuehn v. Jenkins, 100 N.W.2d 610 (Iowa 1960); Law v. Hemmingsen, 89 N.W.2d 386 (Iowa 1958); Bourque v. Strusa, 25 A.2d 127 (N.H. 1942); Lewis v. Watson, 47 S.E.2d 484 (N.C. 1948); Stanich v. Western Union Tel. Co., 153 S.W.2d 54 (Mo. 1941); Burke v. Zwick, 20 N.E.2d 912 (Ill.App. 1939).

jury that establishing the specific etiological agent of ignition was not part of appellant's burden of proof. The court left the jury to guess from general "stock" instructions what a plaintiff must prove to recover in the rather unusual context of a gas explosion case. Obviously, the rejected instruction was very important to the appellant; for without it, the jury could easily suppose, incorrectly, that appellant had not proved its case because it had not proved the exact cause of ignition. Clearly, this was contrary to the trial court's duty "to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved." Lewis v. Watson, 47 S.W.2d 484, 486 (N.C. 1948).

In some instances a requested instruction, although proper, will not be essential to the jury's understanding of the case. Then, rejecting it would be at most harmless error. However, to us, that seems not to be the situation here, and without disregarding concepts central to the jury system we cannot hold that a trial court, as a matter of general practice, need only give "commonly used" or "stock" instructions. If anything in our prior decisions can be read to support such a view, we expressly disapprove it.

Reversed and remanded for a new trial.

BATJER and ZENOFF, JJ., concur.

THOMPSON, C. J., with whom MOWBRAY, J., agrees, dissenting:

Although we agree with the majority that the specific instruction offered by the appellant and refused by the trial court could properly have been given, we do not view such refusal as error requiring another trial. Duran v. Mueller, 79 Nev. 453, 460, 386 P.2d 733 (1963); Prell Hotel Corp. v. Antonacci, 86 Nev. 390, 392, 469 P.2d 399 (1970); Wood v. Southern Pacific Co., 88 Nev. 527, 501 P.2d 652 (1972). The case was not particularly complicated. The jury was instructed as to the meaning of negligence and ordinary care, the duty owed by the owner of premises, and that propane gas is a dangerous substance to be handled with care and caution commensurate with its dangerous character. We do not believe that the requested instruction truly was essential to the jury's understanding of the case and, therefore, would affirm.