**Nancy V. GRAYBEAL, Defendant Below, Appellant,**

v.

**John C. CONLEY, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 22, 1975.

Decided Jan. 13, 1976.

F. Alton Tybout, Tybout & Redfearn, Wilmington, for defendant below, appellant.

Roger P. Sanders and Jan S. Black, Prickett, Ward, Burt & Sanders, Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

HERRMANN, Chief Justice.

In this personal injury case, the defendant appeals from a jury verdict and judgment for the plaintiff.

The plaintiff was a pedestrian struck by the defendant's automobile on a suburban highway at night while the plaintiff was attempting to pick up his pet dog which had been hit by another motor vehicle.

The defendant was charged with negligence in that she violated the duty to keep a proper lookout; the duty to maintain proper control of her vehicle; the duty to exercise due care to avoid colliding with a pedestrian pursuant to 21 Del.C. § 4144; the duty to drive at a reasonable and prudent speed pursuant to 21 Del.C. § 4168(a); and the duty to give full time and attention to the operation of her motor vehicle in violation of 21 Del.C. § 4175(b).

The plaintiff was charged with negligence in that he violated the duty to keep a proper lookout for his own safety; the duty of the pedestrian to yield the right of way pursuant to 21 Del.C. § 4143; and the duty to carry a lighted lantern, flashlight, or similar light or reflector-type device when walking on the highway outside of town at night, pursuant to 21 Del.C. § 4148. The plaintiff replied by invoking the doctrine of last clear chance.

The Trial Court ruled that the plaintiff was negligent as a matter of law in that he violated the § 4148 duty. However, although a proper application was made by the defendant, the Trial Court made no ruling as to the plaintiff's violation of the lookout and § 4143 duties. The Trial Court submitted to the jury the issue of negligence as to each party, together with the issue of proximate cause under the last clear chance doctrine. This, we think, was reversible error requiring remand for further proceedings.

■ We are of the opinion that the record of this case shows clearly, as a matter of law, (1) that the plaintiff was guilty of negligence, in that he violated the duty of maintaining a proper lookout and the duty to yield the right of way under § 4143; and (2) that such negligence was a cause of the accident. We so hold.

■ This conclusion as to the plaintiff's negligence and the jury's finding as to the defendant's negligence as a proximate cause of the accident leaves as the sole determinative issue in the case the question of whether the plaintiff's contributory negligence was a remote or a concurring proximate cause under the doctrine of last clear chance. In our view, justice does not require a new trial of all issues of this case in its present posture. A retrial limited to the issue of the plaintiff's negligence as a proximate cause of the accident under the doctrine of last clear chance will isolate the issue remaining to be decided and will suffice to serve the ends of justice.

■ Pursuant to that limited objective, it is directed that, on remand, the last clear chance issue be tried and resolved by a jury's special verdict upon an interrogatory (Superior Court Civil Rule 49), substantially as follows:

> Was the negligence of the plaintiff a "remote" or "proximate" cause of the accident, under the doctrine of last clear chance, as those terms have been explained to you in the Court's instructions?

> Answer the question by placing an "X" in *one* of the spaces:

> Answer: _____ _____
> (Remote)    (Proximate)

The foregoing special interrogatory is based upon *Lord v. Poore,* Del.Supr., 9 Terry 595, 108 A.2d 366 (1954). The Trial Court may supplement this interrogatory with such other as it deems necessary for the purpose herein specified.

If the verdict of the jury is "Remote", the present judgment for the plaintiff shall stand, with interest from the date of the special verdict. If the response of the jury is "Proximate", the present judgment for the plaintiff shall be stricken and judgment shall be entered for the defendant.

The Trial Court's instruction to the jury on proximate cause and last clear chance, as it appears in the record before us, failed to apply the law to the facts sufficiently to meet the requirements of *Beck v. Haley,* Del.Supr., 239 A.2d 699 (1968). It is essential to the validity of any final judgment in

this case that there be compliance with *Beck* in this regard.

\*    \*    \*    \*    \*    \*

Reversed and remanded for further proceedings in accordance herewith.