SOUTHERN PACIFIC TRANSPORTATION COMPANY, APPELLANT, *v.* WILLIAM A. FITZGERALD, RESPONDENT.

No. 9055

May 8, 1978                                    577 P.2d 1234

[Rehearing denied June 14, 1978. See 94 Nev. 245, 579 P.2d 1251 (1978)]

*Vargas, Bartlett & Dixon,* Reno, for Appellant.

*Peter Chase Neumann,* Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:
Injured when appellant Southern Pacific's engine collided

with a freight car on which he was working, respondent Fitzgerald sought damages for personal injuries and lost wages pursuant to the Federal Employers' Liability Act. Following a judgment for $493,569 and an order denying a new trial, Southern Pacific has appealed, urging that the district court erred in refusing a continuance, excluding evidence, instructing the jury, permitting a portion of respondent's closing argument, and admitting expert opinion evidence. These contentions all lack merit.

1. On the eve of trial, appellant moved for a continuance in order to depose an expert witness whose identity had been disclosed one week before in supplemental answers to interrogatories.

Such a motion, of course, is addressed to the trial court's sound discretion, Benson v. Benson, 66 Nev. 94, 99, 204 P.2d 316, 319 (1949), and here it appears that the court could fairly decide appellant had adequate opportunity to depose the expert in the time left before trial. We therefore perceive no abuse of discretion in denying the motion. *Cf.* Concord Towers, Inc. v. Long, 348 A.2d 325 (Del. 1975).

2. The district court excluded evidence of job offers purportedly made by Southern Pacific.

It has been held that a plaintiff in a personal injury action should mitigate damages for lost wages by seeking reasonable alternative employment. McGinley v. United States, 329 F.Supp. 62 (E.D.Pa. 1971); Alexander v. Meiji Kaiun K.K., 195 F.Supp. 831 (E.D.La. 1961); Kubista v. Romaine, 549 P.2d 491 (Wash. 1976). Likewise, authorities hold, he should accept work he could perform. Powell v. Hellenic Lines, Ltd., 347 F.Supp. 855 (E.D.La. 1972); and *cf.* Hallada v. Great Northern Railway, 69 N.W.2d 673, 685 (Minn. 1955) (reciting formula for damage calculation in FELA litigation).

However, a trial court has broad discretion to determine the admissibility of evidence, *see* State ex rel. Department of Highways v. Nevada Aggregates, 92 Nev. 370, 376, 551 P.2d 1095, 1098 (1976), and may exclude relevant evidence where ''its probative value is substantially outweighed by the danger of unfair prejudice, . . . confusion of issues or . . . misleading the jury.'' NRS 48.035(1). Appellant Southern Pacific made varying representations to the court concerning the job offers. It is unclear whether any bona fide offers were in fact made, or whether they related to reasonable alternative employment for a man with respondent's disabilities. Therefore, the decision to exclude the evidence did not constitute reversible error. *Cf.*

Zimmerman v. Montour Railroad Company, 191 F.Supp. 433 (W.D.Pa. 1961); and Plourd v. Southern Pacific Transportation Co., 513 P.2d 1140 (Or. 1973).

3. The court instructed the jury not to discount damages for pain and suffering to present value.

In our view, the instruction correctly stated the law on such damages. *See* Taylor v. Denver and Rio Grande Western Railroad Company, 438 F.2d 351 (10th Cir. 1971); Ahlstrom v. Minneapolis St. Paul & Sault Ste. M.R. Co., 68 N.W.2d 873 (Minn. 1955). Thus, the trial court did not err by giving it, to assist the jury in its deliberations. *See* American Casualty Co. v. Propane Sales and Service, 89 Nev. 398, 513 P.2d 1226 (1973).

4. Without objection from Southern Pacific's counsel, respondent's counsel made a "per diem" argument to the jury concerning pain and suffering. Objection was first raised in appellant's motion for new trial.

To preserve the contention for appellate review, specific objections must be made to allegedly improper closing argument. Hunter v. Kenney, 422 P.2d 623, 625 (N.M. 1967); *cf.* Nevada State Bank v. Snowden, 85 Nev. 19, 449 P.2d 254 (1969). In addition, NRCP 59(a)(7) provides in pertinent part that a motion for new trial may be made where there was "[e]rror in law occurring at trial and objected to by the party making the motion." The decision to grant or deny a motion for new trial rests within the sound discretion of the trial court and will not be disturbed on appeal absent palpable abuse. *Cf.* Lucey v. First National Bank, 73 Nev. 64, 307 P.2d 774 (1957). We therefore decline to consider complaints concerning the final argument.

5. The trial court received expert opinion regarding respondent's future lost wages.

Again, appellant failed to object at trial; hence, we will entertain no objection on appeal. Nevada State Bank v. Snowden, cited above.

Affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur.