DALE W. BECCARD AND HELEN M. BECCARD, APPELLANTS, *v.* NEVADA NATIONAL BANK, A NEVADA CORPORATION, RESPONDENT.

No. 13199

February 9, 1983                    657 P.2d 1154

*Murray Dolan,* Sparks, for Appellants.

---

[4]SENIOR JUSTICE DAVID ZENOFF was appointed to participate in the decision of this matter in the place and stead of THE HONORABLE E. M. GUNDERSON, Justice, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.

*Guild, Hagen & Clark,* and *Ann Morgan* and *Charles David Russell,* Reno, for Respondent.

## OPINION

*Per Curiam:*[1]

This is an appeal from an order granting a new trial to respondent Nevada National Bank (hereinafter the Bank). Appellants Dale and Helen Beccard (hereinafter the Beccards) executed a promissory note for $25,000 in favor of the Bank. The money was to be used for the costs of growing and selling a crop of hay. The Beccards defaulted on their first quarterly interest payment, and the Bank ultimately repossessed and sold the hay.

The Beccards subsequently filed suit against the Bank. At trial there was conflicting evidence regarding the quality and quantity of the repossessed hay and the reasonableness of the ultimate sale. The jury returned a verdict in favor of the Beccards and assessed damages at $45,500. The Bank then filed motions alternatively seeking a judgment notwithstanding the verdict, a new trial, or an amendment to the judgment.

The trial court rejected all of the Bank's motions but the one seeking a new trial, which it granted. The court's decision was predicated on the size of the jury award, which the court reasoned could not have been made unless the jury was improperly

---

[1]JUSTICE THOMAS STEFFEN voluntarily disqualified himself from the consideration of this case.

influenced by the remarks of the Beccards' counsel during closing argument.[2]

The closing arguments of counsel were not reported. In its motion for a new trial, however, the Bank complained of the following "highly prejudicial and inflammatory statements" allegedly made by the Beccards' counsel:

1. That counsel never trusted anybody who did not look at him, and that a witness for the Bank had not looked at him, thereby implying that the witness could not be trusted.

2. That a witness for the Bank was a "client" of the Bank and, later, that even if the witness was not a client, the Bank "wanted him as a customer," thereby implying that the witness could not be trusted.

3. That the Bank's witnesses were all from a small rural community in Nevada where no one wished to offend bankers, thereby implying that the witnesses were not to be trusted.

4. That the testimony of a witness for the Bank was to be distrusted because he failed to produce weigh slips, when in fact the witness was not obligated to produce the documents and had testified that he was unable to obtain them.

5. That employees of the Bank could not be trusted to tell the truth.

6. That a witness for the Bank had failed to bring certain documents to court and was therefore not to be trusted, when in fact the witness was not obligated to produce the documents.

7. That the case should remind the jury of a "movie script involving the landlord and the little old lady, where the landlord advised the old lady . . . her rent or her home," and that the Beccards had "lost everything."

8. That the Beccards' testimony that certain amounts of hay were involved was consistent with and supported by other evidence, when in fact the testimony was not supported by other evidence.

The parties agree that no objection to these remarks was made either at the time of argument or any time before the motion for a new trial was made fifteen days after the verdict was filed. The Beccards contend that a new trial should not be granted where, as here, the moving party fails to object to the alleged misconduct at trial and raises the allegation for the first time in a motion for a new trial. We agree.

The failure to object to allegedly prejudicial remarks at the

---

[2]The trial court did not recite the statutory authority upon which it relied in granting the motion for a new trial. It is apparent from the court's order, however, that the basis for its decision was NRCP 59(a)(6), under which a new trial may be granted for "[e]xcessive damages appearing to have been given under the influence of passion or prejudice."

time an argument is made, and for a considerable time afterwards, strongly indicates that the party moving for a new trial did not consider the arguments objectionable at the time they were delivered, but made that claim as an afterthought. Curtis Publishing Company v. Butts, 351 F.2d 702, 714 (5th Cir. 1965), *aff'd,* 388 U.S. 130 (1967).

Specific objections must be made to allegedly improper closing arguments in order to preserve the contention for appellate review. Southern Pac. Transp. Co. v. Fitzgerald, 94 Nev. 241, 244, 577 P.2d 1234, 1235-36 (1978). Similar considerations lead us to conclude that the trial court in this case erred in granting a new trial under NRCP 59(a)(6) based upon the statements recited above, since the moving party failed to object to the allegedly improper closing arguments at trial and raised the allegation for the first time in a motion for a new trial.[3] See Curtis Publishing Company v. Butts, *supra.*

The Bank maintains that counsel's conduct during closing argument may be so egregious as to warrant a new trial even in the absence of objection. The authorities relied upon by the Bank to support this contention are not persuasive. We need not resolve this issue, however, as none of the recited statements, alone or in sum, can be characterized as "egregious."

The order granting a new trial is reversed, and the jury verdict is reinstated.

---

[3]We note that "the mere fact that a verdict is large is not conclusive that it is the result of passion or prejudice. . . ." Miller v. Schnitzer, 78 Nev. 301, 309, 371 P.2d 824, 828 (1962). The trial court is precluded from substituting its view of the evidence for that of a jury in a case where the losing party is not entitled to judgment as a matter of law. *See* Fox v. Cusick, 91 Nev. 218, 533 P.2d 466 (1975).