COMBUSTION ENGINEERING, INC., Appellant, v. RICHARD J. PETERS, Respondent.

No. 13745

April 29, 1983 661 P.2d 1304

*Cromer, Barker, Michaelson, Gillock & Rawlings,* Las Vegas, for Appellant.

*Greenman, Goldberg & Raby,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On February 17, 1977, respondent was employed by Southern California Edison Company (Edison) as a plant equipment operator at the Mojave Generating Station when he was injured during the course of his employment. At that time, Combustion Engineering, Inc. (CEI) was under contract with Edison to maintain and repair the coal slurry equipment at Mojave. On the day of the accident, a CEI crew was assigned to perform repair work on a piece of equipment. The CEI crew went to the job site and removed a section of floor grating in order to perform the job. Thereafter, the crew members left the hole created by the removal of the grating unattended while they took a lunch break. Meanwhile, as respondent was performing equipment checks, he fell through the hole suffering injuries primarily to his arm.

As a result of the accident, respondent received benefits from the Nevada Industrial Commission under Edison's policy and thereafter initiated suit against CEI, alleging that CEI and its employees negligently removed a piece of floor grating without providing proper barricades or warnings. At the close of plaintiff's case, CEI moved for nonsuit pursuant to NRCP 41(b)[1] on the ground that CEI is immune from suit as a matter of law under the Nevada Industrial Insurance Act (NIIA) because it is a coemployee of plaintiff. The motion for nonsuit was denied by the district court. Thereafter, the jury returned a verdict against CEI and this appeal followed.

Under the NIIA, an injured worker is allowed to sue the person responsible for his injury so long as that person is not his employer or a person in the same employ. *See* NRS 616.560. Appellant contends that, pursuant to the NIIA, the district court erred by failing to grant its motion under NRCP 41(b) because Edison was the principal employer of both CEI and respondent; thus, they were in the same employ. We disagree.

 ██ █

In evaluating a motion to dismiss at the close of plaintiff's case, plaintiff's evidence and all reasonable inferences that can

---

[1]NRCP 41(b) provides in pertinent part:

> For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury.

be drawn from it must be deemed admitted and the evidence must be interpreted in the light most favorable to plaintiff. Hernandez v. City of Reno, 97 Nev. 429, 634 P.2d 668 (1981); Schwabacher & Co. v. Zobrist, 97 Nev. 97, 625 P.2d 82 (1981). Our review of the record, in the light most favorable to plaintiff, reveals that the evidence presented created a factual issue as to whether CEI was under the control of Edison for employment purposes. *See* Antonini v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184 (1978). Therefore, we conclude that the district court did not err by denying appellant's motion under NRCP 41(b).

Appellant also contends that the district court erred by refusing to give 11 instructions it offered regarding its theory of immunity. We agree. It is a well recognized rule that each party to a lawsuit is "entitled to have the jury instructed on all of his theories of the case that are supported by the pleadings and the evidence." Rocky Mt. Produce v. Johnson, 78 Nev. 44, 52, 369 P.2d 198, 202 (1962). *Accord* American Cas. Co. v. Propane Sales & Serv., 89 Nev. 398, 513 P.2d 1226 (1973). By determining that the 11 instructions were inapplicable, the district court concluded, as a matter of law, that CEI was not immune under the NIIA. As noted above, however, a factual question existed which should have gone to the jury regarding the existence of an employment relationship between CEI and Edison. Accordingly, the jury should have been instructed on CEI's theory of the case since it was supported by the pleadings and the evidence.[2]

We have considered appellant's other assignment of error and conclude that it is without merit.

Accordingly, we reverse and remand the case for a new trial.

---

[2]We express no opinion as to whether all 11 instructions are correct in both form and substance. We merely conclude that the district court erred by failing to instruct on appellant's theory of the case.