MEMORANDUM **
Robert Raphaelson appeals the district court’s order granting plaintiffs Ashley Andrews and Ashtonwood Stud Associates, L.P. (collectively, “Andrews”) partial summary judgment on her claims for conversion under Nevada law. Andrews appeals the district court’s order reducing the jury’s punitive damages award. We affirm the district court’s grant of summary judgment, but reverse the district court’s reduction of punitive damages.
The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. We review the district court’s grant of summary judgment de novo. Diaz v. Eagle Produce Ltd. P’Ship, 521 F.3d 1201, 1207 (9th Cir.2008). We review the district court’s determination of state law under the same standard. See Salve Regina Coll. v. Russell, 499 U.S. 225, 239, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).
I
Under Nevada law, “[cjonversion is a distinct act of dominion wrongfully exerted over another’s personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights.” Evans v. Dean Witter Reynolds, Inc., 116 Nev. 598, 5 P.3d 1043, 1048 (2000) (quotation marks omitted). A plaintiff in Nevada can prevail on a claim for conversion by establishing that the defendant wrongfully withheld specifically identifiable money that is due. See Larson v. B.R. Enters., Inc., 104 *200 Nev. 252, 757 P.2d 354, 356 (1988). Raphaelson admitted that he retained the entirety of the proceeds from the sales of stallion syndicate nominations and that a portion of these proceeds rightfully belonged to Andrews, and Andrews introduced evidence that Raphaelson retained these proceeds without her consent. Under Kentucky law, which governs the joint venture agreements, the members of a joint venture have no right to possess property of the venture for personal use without the consent of the other members, see Ky.Rev.Stat. § 362.270(2)(a), and Raphaelson introduced no evidence indicating that the agreements at issue either explicitly or implicitly changed the contours of this right. Accordingly, the district court properly granted partial summary judgment to Andrews.
II
Nevada Revised Statutes section 42.005 permits punitive damages “in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied.” Nev.Rev.Stat. § 42.005(1). The statute limits punitive damages to “[tjhree times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more.” Id. § 42.005(l)(a).
The jury’s punitive damages award was less than three times the total compensatory damages award, and thus the limitation in section 42.005 does not apply. Although the jury reported $285,074 in compensatory damages on its verdict form, it was specifically instructed to deduct $510,625 from its total compensatory damages award before reporting it on that form. Accordingly, we must presume that the jury’s total compensatory damages award equaled $795,699. See Weeks v. Angelone, 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000) (“A jury is presumed to follow its instructions.”). The jury’s punitive damages award of $1,600,000 is less than three times $795,699, so Nevada Revised Statutes section 42.005 cannot provide a basis for limiting the punitive damages awarded in this case.
Ill
We AFFIRM the district court’s award of partial summary judgment, and REVERSE the district court’s reduction of punitive damages pursuant to Nevada Revised Statutes section 42.005. We REMAND to the district court with instructions either to reinstate the $1,600,000 punitive damages award or to specifically explain its basis for limiting the award, mindful that a reviewing court must “assume that the jury believed all the evidence favorable to the prevailing party and drew all reasonable inferences in her favor.” Paullin v. Sutton, 102 Nev. 421, 724 P.2d 749, 750 (1986).
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.