FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ASHLEY ANDREWS; ASHTONWOOD STUD ASSOCIATES, L.P., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ROBERT B. RAPHAELSON; LUCILLE R. RAPHAELSON; KENTUCKY BLUE STABLES, <br><br> Defendants - Appellees. | No. 11-16287 <br><br> D.C. No. 2:06-cv-00209-RCJ-GWF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted December 14, 2011[**]
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS, District

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.[***]

Ashley Andrews and Ashtonwood Stud Associates, L.P. (collectively, "Andrews") appeal the district court's order reducing the jury's punitive damages award against Robert Raphaelson. We previously reversed the district court's reduction of punitive damages, *Andrews v. Raphaelson*, 346 F. App'x 198 (9th Cir. 2009), and on remand, the district court entered a second order reducing punitive damages as excessive, in nearly the same amount. We reverse again.

"We review for abuse of discretion a district court's decision to grant or deny a motion for a new trial or remittitur because of the size of a punitive damages award." *Morgan v. Woessner*, 997 F.2d 1244, 1266 (9th Cir. 1993).[1] A district court abuses its discretion when it applies an incorrect legal rule. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). In this case, the district relied on a excessiveness standard under Nevada state law which the Nevada Supreme Court has expressly abrogated. *See Bongiovi v. Sullivan*, 138

---

[***] The Honorable Larry A. Burns, District Judge for the U.S. District Court for Southern California, sitting by designation.

[1] Although the basis for the district court's second reduction of damages is unclear, remittutur was likely the only procedural tool available to it once we clarified that Nevada Revised Statute § 42.005 did not apply to limit the jury's punitive damages award. Since neither party raised the issue, we assume without deciding that a trial court may order remittutur sua sponte.

2

P.3d 433, 452 (Nev. 2006) (adopting the federal standard articulated in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003)), *abrogating Ace Truck v. Kahn*, 746 P.2d 132 (Nev. 1987).[2] The district court therefore abused its discretion when reducing the damages award under Nevada state law using the now-abrogated excessiveness standard.

Because both parties have briefed the issue under the correct standard and the issue is purely one of law, we may address the merits of this issue on appeal. *Cf. Weissburg v. Lancaster Sch. Dist.*, 591 F.3d 1255, 1259 n.3 (9th Cir. 2010). Under *Bongiovi*, courts are to consider "(1) the degree of reprehensibility of the defendant's conduct, (2) the ratio of the punitive damage award to the actual harm inflicted on the plaintiff, and (3) how the punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct." 138 P.3d at 452 (footnotes omitted) (internal quotation marks omitted). If the district court had applied this test, its application of these factors would be reviewed de novo. *Id.*

First, there is evidence that Raphaelson engaged in a pattern of deliberate misconduct toward Andrews repeatedly over the course of five years. Additionally,

---

[2] Because *Bongiovi* applied its new rule to the parties before it, the rule clearly has retroactive application. *Cf. Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993).

the district court indicated after trial that despite some evidence that Raphaelson had produced fabricated documents in discovery and gave false deposition testimony, it would not award sanctions for this misconduct because of the substantial punitive damages award. We conclude this satisfies the first factor. Second, because the ratio of compensatory damages to punitive damages is barely over 2:1, the second factor is satisfied here. *Cf. State Farm*, 538 U.S. at 425 (referencing a 4:1 ratio as a possible upper limit). Lastly, the award compares favorably to other civil or criminal penalties that could have been imposed because it was only two-thirds of the statutory cap of Nevada Revised Statute § 42.005, and although hypothetical criminal penalties would have been much smaller than the punitive damages award here, no criminal charges were ever brought against Raphaelson. *Cf. Bongiovi*, 138 P.3d at 452 n.86 ("[W]e conclude that being criminally charged, convicted, and/or incarcerated far outweighs any monetary penalty.").

"[T]he mere fact that a verdict is large is not conclusive that it is the result of passion or prejudice. The trial court is precluded from substituting its view of the evidence for that of a jury in a case where the losing party is not entitled to judgment as a matter of law." *Beccard v. Nev. Nat'l Bank*, 657 P.2d 1154, 1156 (Nev. 1983) (internal quotation marks omitted) (citation omitted).

4

REVERSED and REMANDED with instructions to reinstate the jury's punitive damages award.

FILED

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Andrews v. Raphaelson*, Case No. 11-16287
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.