An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| CANDICE BOCK,<br>Appellant,<br>vs.<br>TIMOTHY BOCK,<br>Respondent. | No. 63347 |

**FILED**

JUN 11 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court divorce decree and an order denying post-decree relief. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia N. Giuliani, Judge; T. Arthur Ritchie, Jr., Judge.

Appellant challenges the district court's alimony award. A court may award just and equitable alimony, NRS 125.150(1)(a), and must consider the factors provided by NRS 125.150(8). Although the divorce decree does not discuss the NRS 125.150(8) factors, the transcript indicates that the district court considered appropriate factors when determining the award, and appellant does not identify any single factor overlooked by the district court, which would justify reconsideration. *Cf. Devries v. Gallio*, 128 Nev., Adv. Op. 63, 290 P.3d 260, 265 (2012) (providing that the record must indicate that the district court applied the alimony factors). Additionally, the district court's finding regarding respondent's income is supported by the record, as it is stated in his pretrial filing, and the profits and loss statement relied on by appellant

15-17849

addresses respondent's business income rather than his personal income. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a district court's factual findings will be upheld if supported by substantial evidence in the record). Thus, we conclude that the district court did not abuse its discretion in determining appellant's alimony award.

Appellant also contests the district court's division of community property and debt, and the categorization of respondent's asset management business as respondent's separate property. As the business was formed before the marriage and respondent remained the sole owner, substantial evidence in the record supports the district court's determination that it was separate property. *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (providing that the disposition of community property is in the discretion of the trial court). Because the business was separate, appellant bore the burden of establishing a community interest in the property, but she made no such claim. Thus, because substantial evidence supports the district court's equal division of community assets and debts, the district court did not abuse its discretion.[1]

Although appellant argues that the district court abused its discretion by not directing respondent to pay appellant's attorney fees, she does not identify a specific request for fees that remained pending before

---

[1]The record indicates that appellant acknowledged in open court that certain personal and credit card debts were her separate debts, and thus the district court did not abuse its discretion in allocating these solely to her.

the district court.[2] Additionally, the record indicates that appellant received multiple awards of fees throughout the litigation and we conclude that the district court did not abuse its discretion. *See Sargeant v. Sargeant*, 88 Nev. 223, 227, 495 P.2d 618, 621 (1972) (providing that a district court may award attorney fees that are not excessive in divorce cases).

Appellant further argues that the district court abused its discretion when it denied her motion to continue the evidentiary hearing, arguing that respondent's late disclosed expert report violated NRCP 16.1 and warranted granting a continuance. A motion for continuance is addressed to the discretion of the trial court, *S. Pac. Transp. Co. v. Fitzgerald*, 94 Nev. 241, 243, 577 P.2d 1234, 1235 (1978), and the record does not indicate the district court abused its discretion here.

Finally, appellant contends that the district court abused its discretion and violated her procedural due process rights when it heard testimony from the parties in a hearing held after the divorce trial. Appellant fails, however, to identify which procedural rule the district court proceedings violated. Concerning her due process rights, we discern no violation as appellant's motion raised issues of property division that would require the presentation of additional evidence, and thus she was on notice that the court may take additional evidence on the subject at the hearing. *See generally, Gonzales-Alpizar v. Griffith,* 130 Nev., Adv. Op. 2, 317 P.3d 820, 827 (2014) (providing that due process requires notice

---

[2]Even if a request for fees remained pending at the divorce trial, the absence of a ruling in the divorce decree awarding fees constitutes a denial of the claim. *Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000).

reasonably calculated to apprise interested parties of the action, and an opportunity to present their position).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
Hon. Cynthia N. Giuliani, District Judge, Family Court Division
Paul H. Schofield, Settlement Judge
Black & LoBello
Wells & Rawlings
Eighth District Court Clerk

---

[3]Because we conclude that substantial evidence supports the district court's findings, the district court did not abuse its discretion when it denied appellant's NRCP 52(b) and NRCP 59(e) request for relief. Additionally, appellant fails to address why NRCP 60(b) relief would have been appropriate.