189 A.2d 437 (1963)
Gertrude J. YOUNG, Appellant,
v.
Michael SAROUKOS, Appellee.
Supreme Court of Delaware.
March 11, 1963.
Harrison F. Turner, Dover, for appellant.
Hugh L. Corroon, of Berl, Potter & Anderson, Wilmington, for appellee.
SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.
*438 TERRY, Justice.
This is a tort action. Plaintiff, Gertrude J. Young, was a tenant in a basement apartment owned by defendant. At the time of the accident, on or about March 4, 1960, the only access to plaintiff's apartment was by means of a ramp which sloped from the street level down to her basement apartment doorway. This was a common entranceway to four apartments on the basement level, and used in common by the tenants of those apartments.
The weather was quite cold on March 4, 1960, and snow had fallen earlier in the day. The defendant had hired two men to shovel the snow on the various walks surrounding the apartment house occupied by plaintiff. The ramp entrance leading to plaintiff's apartment was the last walk to be shoveled. By 6:45 p. m. a clearing was made on the ramp which was entirely free from ice or snow. In addition, defendant had his employees spread rock salt on the cleared portion of the ramp entrance. This cleared area on the ramp extended from the sidewalk to the doorway of plaintiff's apartment.
Plaintiff testified that she left her apartment at 8:00 p. m. on March 4, 1960, and had no difficulty walking up the ramp. On returning to her apartment at approximately 9:30 p. m., she testified that she observed some snow on the ramp, but did not know how long it had been there. She proceeded down it, beyond arm's reach from the wall, and as she neared the entrance to her apartment she slipped and fell on her back, suffering the injuries complained of in this action. There were no witnesses to her fall.
Evidence adduced at trial shows that the lower end of the ramp was illuminated by a sixty watt light bulb. The ramp has a 13.18% grade from the street level down to the entrance and doorway to plaintiff's apartment. There are no handrails, banisters, or other means of self-assistance available for the use of those persons who maneuver the common entranceway.
*439 At trial, plaintiff offered testimony of two witnesses to show that the ramp was dangerous under ice and snow conditions, which constituted a continuing hazard to anyone using it. Defendant's counsel objected on the ground that the plaintiff's answers to certain interrogatories propounded to her on this subject did not indicate that the witnesses had any knowledge of this matter. The trial court sustained defendant's objection.
Basically, there are two main points presented for our consideration:
(1) Was defendant under a duty to provide handrails for an entranceway with a grade slope of 13.18%?
(2) Was it prejudicial error for the trial court to exclude testimony of the witnesses described above?
The case was tried before the Superior Court without a jury. At the request of counsel for the plaintiff, the Court viewed the scene of the accident and admitted photographs of the ramp and entranceway into evidence. Following trial, the Court entered judgment for the defendant. The Court held that the ramp slope and area were not dangerous per se and could be used even in snowy weather without any undue possibilities of injuries. The Court further observed that plaintiff failed to introduce any testimony regarding the need for guard rails. In addition the Court concluded that the light over the entranceway was adequate. Considering these factors along with defendant's efforts to clear the ramp and spread it with rock salt, the Court determined that defendant had fulfilled his duties as a landlord to his tenants.
There thus appears to be sufficient evidence upon which the lower court based its findings of fact. It is well settled that this Court will not disturb such verdicts where there is competent evidence upon which the findings could reasonably be predicated. Turner v. Vineyard, 7 Terry 138, 46 Del. 138, 80 A.2d 177 (S.Ct., 1951).
We turn next to the question of whether the lower court erred by excluding the testimony of two of plaintiff's witnesses who were called for the purpose of testifying as to the dangerous nature of the ramp and entranceway under conditions of ice and snow. Their testimony was not to relate to the conditions of the ramp on the day of the accident, but to the general hazard of ice and snow when there are such accumulations on the ramp.
It appears that defendant had propounded certain interrogatories to plaintiff requesting the name and address of each person having knowledge of the facts alleged in the complaint and answer, stating as to each one the number of the paragraph of which the person has knowledge. In response, plaintiff advised that the two witnesses had knowledge of that portion of the complaint concerning poor lighting of the entranceway. Their names were not submitted with regard to their knowledge of defendant's failure to keep the ramp clear of ice and snow. Plaintiff's attorney contends that this was an inadvertent error on his part. The Trial Judge sustained defendant's objection concerning the testimony of these witnesses.
We think the Trial Judge should not have applied so strict an interpretation of the Rules of Discovery. The better procedure it seems to us would have been to recess or continue the case until such time as the defendant could ascertain the nature of the testimony of the witnesses and prepare his defense. There is ample authority that the refusal to permit such witnesses to testify is not widely recognized. 4 Moore's Federal Practice, 1247 et seq.
We do not consider the Trial Judge's ruling to have been prejudicial in this case. First, the witnesses could not have testified as to the conditions of the ramp on the night of the accident, and the defendant did not by other evidence show the comparability. Secondly, there is sufficient evidence to show that defendant had adequately discharged his duties as a landlord to clear the ice and *440 snow from the ramp. For these reasons we do not consider the error to be reversible in this particular case.
On appeal plaintiff has advanced the additional theory that the ramp, its lighting, and ice and snow, constitute a nuisance per accidens. Defendant contends that plaintiff is barred from asserting a theory of recovery which was not maintained at the trial.
Whether the plaintiff now chooses to call these factors a nuisance per accidens, or by some other appellation, they nonetheless were amply presented at trial. A new issue is not created upon appeal merely by the use of a different terminology. For that reason, plaintiff has not raised anything for our consideration which we have not previously treated in this case. We have concluded that the findings of the Trial Court will not be disturbed. Those findings directly relate to the factors which plaintiff alleges constitute a nuisance per accidens.
For the reasons assigned, the judgment below is affirmed.