**Edward P. OLSZEWSKI and Leanore Ianotti Olszewski, Plaintiffs,**

**v.**

**Mildred E. HOWELL, Defendant.**

Superior Court of Delaware.

New Castle.

April 11, 1969.

Sheldon N. Sandler, Wilmington, for plaintiffs.

James F. Kipp, Wilmington, for defendant.

QUILLEN, Judge.

This is a civil action for damages resulting from an automobile collision on March 24, 1966. Liability has been admitted by the defendant. By answer to interrogatories, the defendant disclosed that on July 5, 1966 and July 12, 1966, an agent of the defendant took motion pictures of the female plaintiff, who allegedly had suffered personal injuries in the March automobile accident. The plaintiffs have moved for production of such motion pictures in order to prevent surprise and to develop, if necessary, counter evidence. The defendant resists such production.

The defendant makes no claim of privilege. Rather, resistence to production is based on the plaintiffs' failure to show "good cause" and, more particularly, on the fact that the information disclosed by the motion pictures of the female plaintiff on two given dates cannot be said to be information within the defendant's exclusive knowledge.

· Both positions strike the Court as having merit insofar as general litigation policy is concerned. On the one hand, a plaintiff shows need for protection against the rather distasteful business of having an opposing litigant possibly use, and even misuse, motion pictures of the plaintiff, taken secretly without the plaintiff's knowledge and consent, in a manner deliberately designed to impeach the plaintiff's credibility and to degrade the plaintiff generally. On

78

the other hand, a defendant demonstrates a need to protect himself against a possible exaggerated claim, and even false claim, of personal injury and shows that a premature disclosure of the impeachment evidence could result in a conscious or subconscious tailoring of the plaintiff's case in chief to meet the challenge.

 On balance, the Court decides for several reasons that "good cause" has been shown for disclosure. First, even assuming the plaintiffs can recall the events of the two days in question, the precise evidence which the defendant has, the film, is now unique and cannot now be reproduced. Second, moving picture evidence is subject to misuse by splicing, angle of shooting, misleading condensation, selective lighting, either natural or artificial, and many other variables. It may take an expert to discover and analyze the product and techniques. Third, there is now, at least in civil cases, a well established policy of pretrial disclosure which is based on a rationale that a trial decision should result from a disinterested search for truth from all the available evidence rather than tactical maneuvers based on the calculated manipulation of evidence and its production. Fourth, disclosure should expedite the disposition of the case by encouraging settlement, by bringing to head any objections to the evidence, and by giving the plaintiffs an advance opportunity to develop counter-evidence. Cf. MacManus v. Food Fair Stores, Inc., 5 Storey 554, 188 R.2d 678 (Super.Ct.1962). These policy reasons support disclosure.

It should be noted, however, that in the area of discovery, each case is somewhat factually unique and even such general policy reasons as those cited above are not necessarily dispositive of other cases raising similar questions. In this case, the following two facts have been considered and lend added weight to the conclusion herein reached. First, the female plaintiff here makes no claim that she cannot engage in particular activities, but asserts that certain activities cause pain. Second, the de-

fendant has, through deposition, interrogatories, and discovery of medical reports, fully recorded the female plaintiff's claims in the pretrial record prior to the production herein ordered. In view of these facts, the risk of disclosure to the defendant is minimal.

The plaintiffs' motion to produce is granted. It is so ordered.