DUFFY, Justice:
 

 This is an appeal from a jury verdict for damages in a personal injury action. Liability had been admitted. Plaintiff argues that the Trial Court prejudicially erred in admitting into evidence certain motion picture film. He claims unfair surprise and a violation of the Discovery Rules in that he did not learn of the existence of the film until trial had begun.
 

 I
 

 Plaintiff seeks damages for injuries allegedly received in a vehicular collision on July 7, 1971. He says that he has
 
 *403
 
 a permanent back injury which impairs his ability to bend, lift and perform manual work generally.
 

 A private detective employed by defendant took the clandestine film of plaintiff on October
 
 26, 1973
 
 and it purports to show, in the words of the detective:
 

 “ . . . plaintiff sawing wood with an electric saw, a handsaw; bending at the waist at right angles sometimes more . . . handing lumber up to another individual on the roof of the construction site; rolling up sheet metal .... He also handed up a tub ... of debris . . ' . . ”
 

 Plaintiff did not learn of the existence of the film (or of the detective) until the end of the first trial day, November 5, 1973. At that time he objected to admission on the basis that defendant had failed to update his answers to interrogatories so as to reflect the role of the detective as witness and film maker.
 
 [1]
 
 The Court overruled the objection and on the following day the film was shown to the jury.
 
 [2]
 
 The detective testified about his observation of plaintiff during the day of filming.
 

 Following an award of $3000 to plaintiff he moved for a new trial. The motion was denied as the Court said that “ . the motion pictures were relevant and properly authenticated and that their admission was not an abuse of discretion.”
 

 II
 

 In our view, the finding by the Trial Court as to relevancy and authenticity of the film and the exercise of its discretion misses the issue. Testing the motion on these bases does little to meet plaintiff’s claims of “complete surprise” and breach of defendant’s duty to update answers pursuant to Superior Court Civil Rule 26(e), Del.C.Ann.
 

 There is an obvious tension between pretrial disclosure and the raw spirit of adver-sariness. Chancellor (then Judge) Quillen summed up the countervailing positions in Olszewski v. Howell, Del.Super., 253 A.2d
 
 77
 
 (1969):
 

 “ . . . On the one hand, a plaintiff shows need for protection against the rather distasteful business of having an opposing litigant possibly use, and even misuse, motion pictures of the plaintiff, taken secretly without the plaintiff’s knowledge and consent, in a manner deliberately designed to impeach the plaintiff’s credibility and to degrade the plaintiff generally. On the other hand, a defendant demonstrates a need to protect himself against a possible exaggerated claim, and even false claim, of personal injury and shows that a premature disclosure of the impeachment evidence could result in a conscious or subconscious tailoring of the plaintiff’s case in chief to meet the challenge.”
 

 The Court there found good cause had been established for production, recognizing the
 

 “ . . . well established policy of pretrial disclosure which is based on a rationale that a trial decision should result from a disinterested search for truth from all the available evidence rather than tactical maneuvers based on the calculated manipulation of evidence and its production.”
 

 It appears that the apparently damaging evidence in controversy here was intentionally and not inadvertently secreted by defendant during the discovery stage. It makes no difference that defendant’s counsel did not know anything about the film until the eve of trial. Indeed, that tends to emphasize the hidden and surprise aspects of what was done. A party certainly
 
 *404
 
 cannot avoid his duty under the Rules to give discovery by withholding facts from his own counsel.
 

 The obvious tactical objective sought was surprise and that does not comport with the spirit of the Discovery Rules. We thought that had been settled almost twenty years ago as Chief Justice (then Judge) Herrmann wrote in The New Rules of Civil Procedure in Delaware, Del., 18 F.R.D. 327 (1956):
 

 “ . . .In the application of the new Rules, we see a complete reversal of attitude as to discovery. Each party is now entitled to the use of any relevant information in the possession of the other party, if not privileged. Depositions, interrogatories, inspection of books and records, medical examinations, and requests for admissions are discovery devices now in widespread and constant use in this jurisdiction.
 

 Broad and liberal discovery has revolutionized litigation in Delaware courts. By use of available discovery devices, a lawyer may now come to trial almost as familiar with his opponent’s case as with his own. The objection to the ‘fishing expedition’ is repudiated, surprise has been reduced to a minimum and the ‘sporting theory of justice’ has been eliminated in the interest of the ascertainment of truth. The exponents of surprise testimony as the best weapon against a perjurious adversary become fewer and fewer as experience proves the contrary view. Discovery under the Rules may enable a party to establish legal rights which might have been otherwise denied to him. Discovery and pretrial practices usually result in the narrowing and clarifying of issues so as to shorten trials and to bring about a greater degree of clarity and justice in the presentation of facts to juries.”
 

 We take the occasion to emphasize that purpose and spirit of the Discovery Rules.
 

 Defendant’s failure to disclose the pertinent facts does not conform to the letter of the Discovery Rules.
 
 [3]
 
 Plaintiff’s interrogatories directed defendant to disclose the identity of persons who had knowledge of the facts alleged in the pleading or had been interviewed in defendant’s behalf. Defendant contends that the scope of these questions was too broad to require disclosure about the identity of the detective, absent a particularized query as to films or photos. We disagree.
 

 We need not determine if the detective had expert status under Rule 26(b)(4), for it appears that he was not merely an interviewee but had knowledge of a crucial fact alleged in the pleading: the degree of disability or impairment. And that was relevant and discoverable since it pertained to the sole factual issue in the case: damages. It has, of course, long been settled that “discovery is as appropriate for proof of a plaintiff’s damages as it is for proof for other facts essential to his case. . . . ” Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); 4 Moore’s Federal Practice § 26.56[5],
 

 In sum, Rule 26(e) (2) B imposed a duty on defendant to update his response to reflect the identity of the detective who was a “person” under Rule 26(e)(1)A “ . . . having knowledge of discoverable matters.”
 
 [4]
 

 
 *405
 
 iii
 

 Defendant breached his duty to update his answers but, as he argues, plaintiff failed to properly react to the surprise evidence. An application for a continuance or for time in which to engage an expert or to take a deposition would have been appropriate. Given the duty of a Trial Court to admit into evidence all relevant and material facts, cf. Young v. Saroukos, Del.Supr., 189 A.2d 437 (1963), and its correlative duty of enforcing standards of fairness and compliance with the Rules, a balancing test would then have been applied. Counsel did not make an appropriate application and the Court thus was not called upon to balance interests. While counsel’s failure weighs against plaintiff, it is certainly not determinative. To so hold would be to condone the surprise-advantage which defendant got from his failure to abide by the Rules.
 

 ⅜ ⅜ ⅜ * # ⅜
 

 The judgment of the Superior Court is reversed with directions to grant a new trial on the issue of damages.
 

 [1]
 

 . Defendant argues that plaintiff waived his objection but it is clear to us that any waiver related only to the formality of marking the film as an exhibit and that came after the Court ruled that it would be admitted.
 

 [2]
 

 . The Trial Judge and counsel had previewed the film in chambers.
 

 [3]
 

 . Rule 26(e) (2)B states :
 

 “(2) A party is under a duty seasonably to amend a prior response if lie obtains information upon the basis of -which . . .
 

 (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.”
 

 [4]
 

 . It does not necessarily follow from disclosure about the films that they had to be produced. Since they were Rule 26(b) (3) trial preparation materials, the party seeking production was obliged to show good cause. It is only when the initial disclosure duty is met, as in
 
 Olszewski,
 
 that the Rule 26 procedure can be engaged. Failure to update responses short-circuits that mechanism and lays the groundwork for trial by ambush.