CONCORD TOWERS, INC., a Delaware Corporation t/a Howard Johnsons Restaurant, Defendant below, Appellant,

v.

Ann T. LONG, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 22, 1975.

Decided Nov. 24, 1975.

Wayne N. Elliott of Prickett, Ward, Burt & Sanders, Wilmington, for defendant below, appellant.

Arthur Inden, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant appeals from a Superior Court jury's award of damages for injuries sustained by plaintiff as a result of a fall at defendant's restaurant. Defendant argues eight reasons why the verdict should be set aside and a new trial granted.

### I

Defendant first argues that a defense eyewitness' prior statement was improperly admitted because plaintiff failed to reveal the existence of the statement in violation of his duty to update his answers to interrogatories pursuant to Superior Court Civil Rule 26(e).[1]

Plaintiff filed the following answers to defendant's interrogatories:

1. Give the names and last known addresses of all persons who were present at the scene of the accident when the accident occurred.

ANSWER: Kitty Jacobs, address unknown;

\*　　\*　　\*　　\*　　\*　　\*

5. With respect to persons who have been interviewed on your behalf in regard to the facts alleged in the pleadings, please state:

(a) The names and last known addresses of the persons interviewed;

\*　　\*　　\*　　\*　　\*　　\*

(e) Whether a signed or unsigned statement or a recorded interview was obtained from each interviewee . . .

ANSWER: None.

Plaintiff's counsel had, in fact, interviewed Mrs. Jacobs several days before these answers were filed, and her statement, which was tape-recorded and subsequently reduced to writing,[2] contained her full name, address, and telephone number. About one year later, a week prior to trial, plaintiff's counsel had Mrs. Jacobs sign the statement, but did not give a copy to defense counsel until the third day of trial just prior to his calling the witness to testify. On cross-examination, the statement was admitted over defendant's objection.

Plaintiff concedes the discovery rule violation; however, relying on *Hoey v. Hawkins,* Del.Supr., 332 A.2d 403 (1975), and *Young v. Saroukos,* Del.Supr., 189 A. 2d 437 (1963), she contends that any prejudice to defendant was cured by the sanction of a continuance offered by the Court, but refused by defense counsel.

While a continuance to take a deposition or interview the witness is *ordinarily* appropriate, it is not *automatically* so, for it is equally true that an unfair surprise-advantage obtained, through failure to abide by the Rules, is not to be condoned. To this end, the Trial Court must balance its duty to admit all relevant and material evidence with its duty to enforce standards of fairness and the Rules of Court. *Hoey v. Hawkins, supra.* In this case, because of defendant's timely and strenuous objection, the time factor, the inexcuseable withholding of the statement until the third day of trial, and the prejudicial effect of the statement itself when used in cross-examination, we think that the trial court should have given more consideration to balancing those interests, and that it was error to admit the statement into evidence.

---

1. Rule 26(e) provides in its pertinent part as follows:

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters . . ."

"(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made . . ."

2. There is some doubt whether the written statement was an actual transcription of the taped interview or merely plaintiff counsel's summary.

## II

 Defendant next argues that its repeated objections and ensuing trial delay, necessitated by the efforts of plaintiff's counsel to introduce contested medical bills without medical proof of causation, which defendant's counsel properly informed plaintiff's counsel at pretrial conferences he would require, together with the Court's lengthy and hostile questioning of defense counsel before the jury, and failure to give curative instructions, combined to leave the jury with the prejudicial impression that defense counsel was acting improperly in refusing to agree to the admissibility of the medical bills.

A review of the record leads us to believe that the jury might have reacted as defendant contends. Therefore, some curative instruction should have been given. It was error not to do so.

## III

 The record reveals further trial irregularities: (1) defendant's insurance coverage was mentioned (cured, possibly, by the Court's offer to give remedial instructions); (2) plaintiff was permitted to cross-examine her own witnesses via their depositions under the guise of refreshing recollection, and without a show of surprise; (3) the Trial Court failed to give a requested subjective/objective symptoms instruction based on *Debernard v. Reed*, Del.Supr., 277 A.2d 684 (1971); (4) the Trial Court failed to give tailored instructions as required by *Beck v. Haley*, Del. Supr., 239 A.2d 699 (1968); (5) the Trial Court raised possible improper inferences in its instruction on duty of lookout; and (6) the Trial Court admitted irrelevant facts relating to the death of plaintiff's husband six years prior to the accident.

## IV

We need not decide whether any one of the reasons argued by defendant is suffi-ciently prejudicial to warrant reversal. The accumulation of error permeating this trial amounted to such prejudice against defendant that a new trial must be granted. See *Robelen Piano Co. v. DiFonzo*, Del.Supr., 169 A.2d 240 (1961).

Reversed and remanded.