# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

REN CENTRE L.L.C, )
                     )
          Appellant, )
                     )     C.A. No. N15A-01-007 CEB
                     )
    v. )
                     )
NEW CASTLE COUNTY OFFICE )
OF FINANCE and NEW CASTLE )
COUNTY BOARD OF )
ASSESSMENT REVIEW, )
                     )
          Appellee. )

Date Submitted: October 21, 2015
Date Decided: January 29, 2016

*Upon Consideration of*
*Appeal From the Decision of the New Castle County*
*Board of Assessment Review.*
**REVERSED AND REMANDED.**

## ORDER

This is an appeal by Ren Centre L.L.C. from a decision of the New Castle County Board of Assessment Review ("the Board") adjusting the assessed value of the Renaissance Centre office building located at 405 King Street in Wilmington ("the Property"). Upon consideration of the parties' briefs in this matter, it appears that:

1. The Property was initially assessed at $15,497,200 ($12,262,900 building; $3,234,300 land).[1] Ren Centre appealed the tax assessment to the Board in November 2013. In November 2014, the Board held a hearing and rejected the original assessment as too high. The Board voted to adopt the "cost approach" to determine the value of the Property and set the value of the Property at $12,439,000 ($10,638,900 building; $1,710,100 land).

2. Ren Centre has appealed the Board's decision to this Court. Ren Centre is asking the Court to further reduce the Property's value assessment to $9,700,000. Specifically, Ren Centre argues that the value that the Board assessed on the building did not account for depreciation despite the Board's belief that it did. Additionally, Ren Centre contends that the Board failed to account for zoning, size, and location in determining the value of the land. Appellee argues in response that the Board properly determined the land value of the Property using the cost approach to valuation and the resulting assessment figure should be upheld. Alternatively, the Board contends that the proper result is to remand the matter rather than ask the Court to determine the appropriate value.

3. On appeal, the decision of the Board is considered to be "prima facie correct and the burden of proof shall be on the appellant to show that such body

---

[1] New Castle County assesses all real property in terms of its fair market value as of July 1, 1983, the County's "base year to satisfy the Delaware constitutional requirement of uniformity in taxation. *See Tatten Partners v. New Castle Cty. Bd. of Assessment Review*, 642 A.2d 1251, 1256 (Del. Super. 1993).

acted contrary to law, fraudulently, arbitrarily or capriciously."[2] A decision is arbitrary and capricious if it is "willful and unreasonable and without consideration or in disregard of the facts."[3] In reviewing a Board decision, the Court "does not weigh the evidence, determine questions of credibility, or make its own factual findings."[4] "The Court at its discretion may also remand the matter to the board to clarify issues of fact or to make findings consistent with the Court's decision."[5]

4. The parties agree that the Board intended to assess the building at a value that accounted for depreciation. The transcript of the hearing suggests the same. But the Court is not inclined to adjust the Board's final assessment based on inferences from the record, nor is the Court permitted to make its own factual findings on appeal. Therefore, the Court finds that this matter must be remanded to the Board for the purpose of correcting the error.

5. As to the land value, the Board found two of the comparable land sales cited in Appellant's appraisal probative in determining the proper assessment value. "Comparables need not be identical, but only similar in nature."[6] The

---

[2] 9 *Del. C.* § 8312(c).

[3] *Brandywine Innkeepers, L.L.C. v. Bd. of Assessment Review of New Castle Cty.*, 2005 WL 1952879, at *3 (Del. Super. June 3, 2005).

[4] *Id.*

[5] 9 *Del. C.* § 8312(c).

[6] *Brandywine Innkeepers*, 2005 WL 1952879, at *4.

3

Board noted that the two comparables it selected were zoned C-4, similar to the Property which is zoned both C-4 and C-3. However, the Board did not articulate whether any adjustments for location, size, or zoning were warranted. A record adequate for review should include a fair statement of the Board's conclusions and the material facts supporting these conclusions.[7] Statements articulating the Board's rationale are absent from this record. Absent any distinct findings by the Board, the Court is unable to fairly review the Board's decision as to the land value. Because we must remand this matter with respect to the assessment of the building, the Board has the opportunity on remand to articulate its conclusions as to adjustments for location, size, or zoning of the land, and the Court expresses no opinion on that issue now.

6.      For the reasons set forth above, the Board's decision is **REVERSED** and **REMANDED**.

   **IT IS SO ORDERED**.

Judge Charles E. Butler

---

[7] *395 Assocs. L.L.C. v. New Castle Cty.*, 2006 WL 2021623, at *5 (Del. Super. July 19, 2006).

4