# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MATTHEW KENT and RENEE KENT, :

                          :      **C.A. No. K16C-04-022 NEP**

      **Plaintiffs,**           :      **In and for Kent County**

                          :

      **v.**                       :

                          :

**THE DOVER OPHTHALMOLOGY**    :

**ASC., LLC d/b/a BLUE HEN SURGERY** :

**CENTER; REBECCA A WEBER**     :

**SWEET, R.N.; and JACQUELINE A.**   :

**TILLER, R.N., BSN-BC, MSN.**       :

                          :

      **Defendants.**          :

Submitted: April 9, 2018
Decided: April 12, 2018

## ORDER

Before the Court is Defendants Dover Ophthalmology ASC., LLC d/b/a Blue Hen Surgery Center (hereinafter "BHSC"), Rebecca A. Weber Sweet, R.N. (hereinafter "Nurse Sweet"), and Jacqueline A. Tiller, R.N.'s (hereinafter "Nurse Tiller" and "Defendants," collectively) Motion for Leave to File a Supplemental Expert Disclosure, and Plaintiffs Matthew Kent (hereinafter "Mr. Kent") and Renee Kent's (hereinafter "Ms. Kent" and "Plaintiffs," collectively) opposition to that motion.

Plaintiffs are suing Defendants in medical negligence for injuries allegedly suffered by Mr. Kent as a result of his treatment at BHSC on June 26, 2014. In this case, the Court has moved back discovery deadlines several times. Pursuant to the Court's final revised scheduling order, all defense expert disclosures were due by August 30, 2017. In addition, on January 5, 2018, the Court granted Defendants'

Motion to Postpone Trial. The trial, previously scheduled to begin on January 22, 2018, was continued until April 16, 2018.

On January 19, 2018, the Court heard oral argument on the parties' motions *in limine*, and on February 2, 2018, Defendants filed a letter submission, requested by the Court, to provide specific citations to literature supporting the causation opinion of defense expert Daniel M. Feinberg M.D. (hereinafter "Dr. Feinberg"). On March 2, 2018, the Court granted Plaintiffs' motion to exclude certain opinions of Dr. Feinberg, specifically prohibiting Dr. Feinberg from offering an expert opinion that Mr. Kent's CRPS and nerve damage were caused by the initial insertion, rather than prolonged placement, of an IV catheter placed in accordance with the standard of care. The Court's reasoning was simple: the *Daubert* line of cases requires expert opinions to have reliable bases, and Defendants' asserted basis for Dr. Feinberg's opinion—Dr. Feinberg's "general knowledge of the medical literature on venipuncture-caused CRPS"[1] —fell short of that standard.[2]  On March 9, 2018, Defendants filed a motion for reargument, and alleged in that motion, for the first time, that the basis for Dr. Feinberg's opinion was a differential diagnosis.

On March 23, 2018, this Court denied Defendants' motion for reargument, explaining that motions for reargument "should not be used to . . . present new arguments that were not previously raised."[3] The Court noted that it had provided "Defendants with three separate opportunities to inform the Court of the bases for Dr. Feinberg's opinion: the initial written response to Plaintiffs' motion, oral argument, and a supplemental written response to the Court's targeted inquiry," and

---

[1] Defendant's letter submission dated February 2, 2018.
[2] *Kent v. Dover Ophthalmology*, 2018 WL 1151930 (Del. Super. Mar. 2, 2018).
[3] *Kent v. Dover Ophthalmology*, 2018 WL 1448675, at *1 (Del. Super. Mar. 23, 2018).

that "Defendants never indicated that the basis for Dr. Feinberg's opinion was a differential diagnosis."[4]

Now, Defendants seek to file a supplemental expert disclosure that differs markedly from Dr. Feinberg's earlier disclosures: (1) it claims that Dr. Feinberg "reached these opinions in part based on a differential diagnosis;" and (2) it lists four specific studies as the bases for certain of Dr. Feinberg's opinions.[5] Defendants' motion asserts that the Court should allow this untimely disclosure, arguing:

> Delaware greatly favors deciding cases on the merits. Accordingly, in circumstances where a party's ability to have its case adjudicated on the merits would be limited because of its failure to timely provide adequate expert opinions, Delaware courts have consistently held that the party should be permitted to take corrective measures, notwithstanding the fact that relevant scheduling deadlines had passed and trial was imminent.

Plaintiffs respond that this motion to file a supplemental disclosure is essentially a disguised second motion for reargument of this Court's order precluding certain opinions of Dr. Feinberg. Plaintiffs also complain that the motion seeks to introduce additional discovery shortly before trial, and alleges that they would be prejudiced.

"This Court's scheduling orders are not guidelines."[6] To maintain trial dates and ensure the effective administration of justice, this Court is empowered with discretion "to resolve scheduling issues and to control its own docket."[7] Even so,

---

[4] *Id.* at *2.

[5] As noted previously, in their submission dated February 2, 2018, Defendants stated that Dr. Feinberg would not be relying on any specific medical literature, but instead on his general knowledge of the literature.

[6] *Estate of Shepherd ex rel Mathis v. Samuel*, 2011 WL 882093, at *1 (Del. Super. Mar. 10, 2011).

[7] *Valentine v. Mark*, 873 A.2d 1099 (Table) 2005 WL 1123370, at *1 (Del. 2005).

deviations from the Court's orders may be permitted when a showing of good cause has been made, *i.e.,* when a party has established "that diligent efforts were made to meet the deadlines."[8] The Supreme Court of Delaware explained in *Coleman v. PricewaterhouseCoopers, LLC,*[9] that when determining whether to permit an untimely supplemental expert report, Delaware courts balance several factors, including: (1) the original scheduling order; (2) whether there is good cause to allow the supplemental disclosure; (3) the prejudice to the opposing party; and (4) possible trial delay.[10]

As an initial matter, the Court will address *Christian v. Counseling Resource Associates, Inc.,*[11] and *Drejka v. Hitchens Tire Services Inc.,*[12] which, according to Defendants, provide certain factors that should control the Court's analysis.[13] These cases are inapplicable here because their holdings are confined to situations where a trial court is "deciding whether to dismiss a case for discovery violations."[14] This Court has previously noted that it "is loath to hold that a balancing of the *Drejka* factors is necessary in every instance where a party's expert witness is at risk of being excluded on the basis of failure to comply with a scheduling order, as the *Drejka* analysis seems geared towards those cases where only the 'ultimate sanction' of dismissal is implicated."[15] Here, the Defendants' entire case is not at stake. They

---

[8] *Candlewood Timber Group, LLC v. Pan American Energy, LLC,* 2006 WL 258305 at *4 (Del. Super. Jan. 18, 2006).

[9] 902 A.2d 1102 (Del. 2006).

[10] *Id.* at 1107 n.6; *see also Concord Towers, Inc. v. Long,* 348 A.2d 325 (Del. 1975).

[11] 60 A.3d 1083 (Del. 2013).

[12] 15 A.3d 1221 (Del. 2010).

[13] "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 1224.

[14] *Christian,* 60 A.3d at 1087.

[15] *Dillulio v. Reece,* 2014 WL 1760318, at *4 (Del. Super. Apr. 23, 2014).

do not bear the burden at trial; Dr. Feinberg will still be able to testify on other matters (including attacking the causation opinions of Plaintiffs' expert, Dr. Enrique Aradillas-Lopez); and the Defense has other witnesses it intends to call to rebut liability and damages. The Court finds that the *Coleman* standard, referenced above, applies, as it concerns the precise issue encountered here, *i.e.*, whether to permit the filing of an untimely supplemental expert report.[16]

Addressing the first *Coleman* factor, the Court ordered that all defense expert reports were to be filed by August 30, 2017. The proffered supplemental report here was filed March 28, 2018, more than six months after the deadline. This constitutes substantial noncompliance with the Court's scheduling order,[17] and weighs against permitting the supplemental disclosure.

Turning to the second factor, Defendants allege that there is good cause for allowing the supplemental disclosure here because "permitting the untimely supplementation will allow this case to be fully decided on the merits." Defendants allege that they "face a significant constraint on their ability to fully defend this case because the Court precluded a substantial portion of the opinion of their sole causation expert," and allowing the supplemental disclosure will "cure what the Court appears to have found to be defects in the manner in which the opinion was characterized by counsel in opposing the Plaintiffs' *Daubert* motion." According to these representations, it appears this motion is intended to lay the groundwork for a second motion for reargument. Without such a motion, this Court's order on the motions *in limine* prohibiting certain of Dr. Feinberg's opinions would stand, and

---

[16] The *Coleman* case examined whether there was abuse of discretion when the trial court "den[ied] the appellants' attempt to supplement the original report of their expert." *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del. 2006).

[17] *Cf. Chase Manhattan Mortgage Corp. v. Advanta Corp.*, 2004 WL 422681, at *10 (D. Del. 2004) (permitting untimely supplemental report filed only a few weeks after the deadline).

the instant motion would be purposeless. The fact that another motion for reargument would be untimely renders Defendants' assertions of their need for a supplemental disclosure less convincing. [18] Moreover, it appears that Defendants misunderstand what is required to make a showing of good cause. Absent from their motion is any showing of past diligent efforts to disclose fully the bases for Dr. Feinberg's opinions. Rather, the record shows that even when Dr. Feinberg's opinions were challenged by a *Daubert* motion on November 27, 2017, Defendants made no efforts to file a supplemental disclosure in response.

Regarding the third factor, the threatened prejudice to Plaintiffs is substantial. Trial is only days away, and Plaintiffs' trial preparation has depended upon this Court's March 2, 2018 order on the motions *in limine*. Were Defendants to attempt to disturb this Court's prior order precluding certain opinions of Dr. Feinberg, Plaintiffs would have little time to prepare for and respond to the opinions from Dr. Feinberg. As this Court indicated in its denial of the motion for reargument, permitting Defendants another opportunity to re-litigate the motions *in limine* would "frustrate the efficient use of judicial resources, place [Plaintiffs] in an unfair position, and stymie 'the orderly process of reaching closure on the issues.'"[19]

Finally, were this motion to be granted, the trial date would be jeopardized. As indicated previously, this motion is apparently a prelude to a future motion seeking to allow certain previously precluded opinions of Dr. Feinberg. The time required for briefing, holding a possible hearing on, and ruling on such a motion would be far greater than the short period remaining before trial. This trial has

---

[18] *See* Super. Ct. Civ. R. 59(e)("A motion for reargument shall be served and filed *within 5 days after the filing of the Court's opinion or decision.*") (emphasis added).

[19] *Kent v. Dover Ophthalmology*, 2018 WL 1448675, at *1 (Del. Super. Mar. 23, 2018) (*citing Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012)).

already been pushed back once, and the Court will not risk another delay unnecessarily.

Each of the above factors weighs in favor of denying the instant motion.


**WHEREFORE**, for the foregoing reasons, Defendants' Motion for Leave to File a Supplemental Expert Disclosure is **DENIED**.

**IT IS SO ORDERED**.


/s/ **Noel Eason Primos**


NEP/wjs
*Via File & ServeXpress*
oc.    Prothonotary
cc.    Counsel of Record