# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

October 31, 2019

Robert F. Phillips, DAG
Department of Justice
391 Lukens Drive
New Castle, DE  19720

Christopher M. Coggins, Esquire
Coggins Law, LLC
1007 North Orange Street, 4th Floor
Wilmington, DE  19801

Submitted:  October 25, 2019
Decided:  October 31, 2019

> RE:   ***Sean M. Garvin, Secretary of the Department of Natural Resources & Environmental Control v. Joseph W. Booth & Margaret A. Booth***
> ***S18M-10-040 JJC***

Counsel:

This letter reflects the Court's decision regarding the Secretary's motion for a continuance of the February 10, 2020 trial.  For the following reasons, the motion is **granted**.

## Positions of the parties

The Secretary requests a continuance because he has not yet fully determined his damages. The Booths oppose the request by relying primarily on the Court's July 10, 2019 Memorandum Opinion and Order that resolved the Secretary's motion for

summary judgment. They argue that the law of the case limits the Secretary's claims to investigation and study related costs. They also argue that the law of the case limits the Secretary to damages that had ripened on or before the oral argument regarding summary judgment. Namely, they argue that the Secretary's desire to continue the trial to identify evidence of damages that the Court has ordered precluded does not constitute good cause.

## Standard

A party requesting a trial continuance must demonstrate good cause. As the Delaware Supreme Court has recognized, good cause exists "when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[1] The Court in exercising its discretion "must balance its duty to admit all relevant and material evidence with its duty to enforce standards of fairness and the [rules of the court]."[2]

## Good cause for a trial continuance

At the outset, the Secretary's written motion addresses his desire to identify ongoing (1) investigation, study, and planning costs **and** (2) clean-up costs. Given the Court's summary judgment decision, the law of the case precludes recovery of clean-up costs.

It is inappropriate, however, to limit the Secretary's potential recovery to study and planning costs that were incurred before the time of the summary judgment oral argument. The Court included references in its Memorandum Opinion and Order reciting the Secretary's agreement to so limit its damages. The Court did so

---

[1] *Coleman v. PricewaterhouseCoopers*, *LLC,* 902 A.2d 1102, 1107 (Del.2006).
[2] *Concord Towers, Inc. v. Long*, 348 A.2d 325, 326 (Del.1975).

2

in the portion of its decision addressing the future scope of discovery. When reviewing the oral argument transcript, however, counsel for the Secretary made no representation about limiting the Secretary's claim to damages incurred to date. Rather, counsel estimated that approximately $260,000 of investigation and study costs had been incurred. He also represented, on behalf of the Secretary, that DNREC would not seek clean-up costs or civil penalties.

The Secretary filed suit in October 2018 making this case approximately one year old. This is the first continuance request by either party. Here, the Secretary demonstrates good cause to continue the trial. In his written motion, he sufficiently explains the difficulties DNREC has faced in finalizing the studies necessary to identify remedial measures.[3] In large part, the delay in finalizing these studies and fixing their costs has been outside the Secretary's control. Given the General Assembly's reflected intent that the Secretary be permitted to seek broad recovery of remedial costs, it would be manifestly unjust to deny a continuance designed to give the Secretary a fair opportunity to identify and seek such costs.

Nevertheless, in fairness to the Booths, the matter will not be continued indefinitely. The Secretary is unable to estimate the time necessary to conclude these studies or to fix their costs. This suit and the amount he claims is a significant concern for the Booths who defend this matter in their individual capacities. The Secretary chose to file this suit somewhat prematurely, before his agency incurred much of what he now seeks to recover. Given the Booths' opposition to the continuance request, the Secretary's inability to estimate an end-point to the investigation or planning stages, and the Booths' interest in finality, the continuance will be of limited duration.

---

[3] Plaintiff's Motion, Para. 4 (a) – (h)

## Conclusion

A new scheduling order will issue. It will include a six month deadline for the Secretary to identify the study and planning costs that he seeks to recover. Any such costs not fully identified and fairly presented to the Booths before that deadline will be barred from introduction at trial pursuant to Superior Court Civil Rule 37 (b)(2)(B). The revised scheduling order will also include a new discovery deadline to provide the Booths sufficient time to conduct discovery regarding any newly identified costs. Trial will then follow soon thereafter. The parties are directed to coordinate a scheduling teleconference with the Court as soon as practical.

**IT IS SO ORDERED**

Very truly yours,

<u>/s/ Jeffrey J Clark</u>
Judge

JJC/jb
*Via File&Serve Xpress*

4