# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 19-2927

———————————————————

Azarax, Inc.,

*Plaintiff - Appellant,*

v.

William Syverson; Stinson Leonard Street, LLP

*Defendants - Appellees.*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: October 21, 2020
Filed: March 8, 2021

——————————

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Azarax, Inc., brought an action against attorney William Syverson and his law firm, Stinson Leonard Street, LLP, alleging legal malpractice and breach of fiduciary duty. Azarax alleges that the defendants were negligent in their representation of an entity known as Convey Mexico, a Mexican telecommunications company. Azarax asserts that it has claims against the defendants as a successor by merger to Convey Mexico. On a motion for summary judgment, the district court[1] ruled that Azarax was not a valid successor in interest to Convey Mexico and therefore lacked standing to sue Syverson and the law firm. We agree with that conclusion and affirm the judgment.

Azarax is a Delaware corporation that is the product of a merger with Azarax Holding Limited, a company of Cyprus. Azarax purports to have acquired the interests of Convey Mexico through a succession of mergers: first, a merger between Convey Mexico and Azarax Holding, and then the merger of Azarax Holding into Azarax.

Azarax alleges that Syverson and his law firm represented Convey Mexico and committed malpractice by stealing a business opportunity—namely, a contract to provide telecommunication services between the United States and Mexico. On that basis, Azarax seeks to recover damages from Syverson and the law firm. The claim is premised entirely on injuries to Convey Mexico before the alleged mergers. Azarax does not assert that it maintained an attorney-client relationship with Syverson or that Syverson did anything that directly injured Azarax.

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

To establish Article III standing, Azarax must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). As the party invoking federal jurisdiction, Azarax bears the burden to establish these elements, and it must support each element "in the same way as any other matter on which the plaintiff bears the burden of proof." *Id*. at 561.

Azarax contends that the defendants caused injury to Convey Mexico, and that Azarax enjoys standing as a successor by merger to Convey Mexico. Whether there was a valid merger between Azarax Holding and Convey Mexico, such that Azarax eventually assumed the legal interests of Convey Mexico, is a principal dispute in this appeal.

Convey Mexico initially was operated by two shareholders, Nicolas Barrera and Arturo Barbosa Nataren. In September 2011, another entity, Wireless Communications Ventures, LLC, agreed to invest one million dollars in Convey Mexico in exchange for a twenty-percent shareholder stake. In connection with that transaction, an entity called MexAm Connect, LLC, received a 4.5% shareholder stake in Convey Mexico.

Syverson prepared a draft shareholder agreement for the restructured entity with signature blocks for the four shareholders. In June 2012, Barrera sent Syverson signed copies of the shareholder agreement, dated December 13, 2011, with a cover e-mail that said, "Attached are the two SHA's signed by Arturo." The agreement also bears signatures for Barrera and representatives of Wireless Communications and MexAm Connect.

Article V of the shareholder agreement provides that Convey Mexico must not "approve or enter into any merger, liquidation, or dissolution of the Corporation" without "prior unanimous written consent of all the Shareholders." In August 2014,

Barbosa and Barrera, as shareholders and officers of Convey Mexico, signed an agreement purporting to merge Convey Mexico with Azarax Holding.

The district court concluded that Azarax lacked standing to assert the interests of Convey Mexico because the purported merger between Convey Mexico and Azarax Holding was not valid. The Convey Mexico shareholder agreement required "unanimous written consent" of all shareholders for a merger, but shareholders Wireless Communications and MexAm Connect did not give written consent. Citing lack of consent by Wireless Communications, the district court concluded that the merger was invalid, and that Azarax is not a valid successor in interest to Convey Mexico.

On appeal, Azarax advances two arguments against the district court's conclusion. First, Azarax contends that the Convey Mexico shareholder agreement is invalid because majority shareholder Barbosa did not sign the agreement. Azarax maintains that without a valid shareholder agreement requiring all shareholders to give written consent for a merger, the merger between Convey Mexico and Azarax Holding took effect without the consent of shareholders Wireless Communications and MexAm Connect.

We conclude that there is no genuine dispute of material fact as to the validity of the Convey Mexico shareholder agreement. Long before the commencement of this litigation, Convey Mexico—through an e-mail from corporate officer Barrera—affirmatively represented to Syverson and Wireless Communications that Barbosa signed the shareholder agreement. Barrera sent an e-mail stating he had attached shareholder agreements "signed by Arturo." Arturo Barbosa Nataren admitted in this litigation that no other person named "Arturo" worked with Barrera on Convey Mexico. One signature on the agreement—above a line bearing the typewritten name of Arturo Nataren—reads "A___ Barbosa."

-4-

Barrera's statement about the signed shareholder agreement was an authorized statement of Convey Mexico sent in furtherance of the company's objective to secure business with Wireless Communications. It is therefore properly imputed to the corporation as an evidentiary admission. *See* Fed. R. Evid. 801(d)(2); *EEOC v. HBE Corp.*, 135 F.3d 543, 552 (8th Cir. 1998); *Shanklin v. Norfolk S. Ry. Co.*, 369 F.3d 978, 990 (6th Cir. 2004). Barrera made the statement on behalf of Convey Mexico; Azarax claims to be Convey Mexico's successor, so it necessarily adopts Barrera's admission.

Azarax maintains that Barbosa's testimony in this litigation creates a genuine dispute of material fact about whether he signed the shareholder agreement. In a deposition, Barbosa denied that he signed the agreement and said that the signature on the document was not his. Under the unusual circumstances of this case, however, we conclude that Barbosa's testimony is insufficient to undermine Barrera's admission and create a genuine dispute of material fact.

A party may "explain away" an evidentiary admission like Barrera's, but if the party "makes no attempt at explanation, he is stuck with those statements." *See Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1997). It is not enough simply to assert that a previous admission was incorrect. The party must provide an explanation for the retraction or revision that is sufficient to satisfy a rational trier of fact. *Id.* In *Nyari v. Napolitano*, 562 F.3d 916 (8th Cir. 2009), for example, there was a genuine dispute of material fact where daughters of an alien set forth in multiple recantations a "plausible justification" for why they falsely accused their father of abuse when they were young children. *Id.* at 921-22.

Azarax has not offered a plausible justification here. Barrera was the witness who could have addressed his admission that "Arturo" signed the shareholder agreement. But Barrera failed to answer interrogatories and declined to appear at three depositions. As a result, the district court imposed sanctions and barred Barrera

from giving testimony in the case. Azarax must bear the consequences of that sanction. Azarax cannot create a genuine dispute of material fact about Barrera's admission by presenting testimony of a different corporate officer (Barbosa) while failing to produce the first corporate officer (Barrera) to address his own prior statement. On this record, Azarax has offered no plausible explanation why Barrera would send an e-mail representing that Barbosa signed the shareholder agreement if he did not do so. Given its failure to produce Barrera for examination, Azarax is "stuck with" Barrera's admission that the shareholder agreement was properly executed.

Second, Azarax argues that Mexican law prohibits shareholder agreements that require unanimous consent of the shareholders, so the unanimity provision in the Convey Mexico shareholder agreement was void. Azarax contends that it could have established the invalidity of the unanimity requirement, but complains that the district court improperly excluded evidence of Mexican law governing corporations. Syverson and the law firm respond that the district court did not abuse its discretion by excluding the proffered evidence as untimely.

Federal Rule of Civil Procedure 44.1 provides that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." The rule is designed to avoid unfair surprise, and it implicates the discretionary powers of the district court to supervise litigation. *See Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co.*, 426 F.3d 580, 585 (2d Cir. 2005). A court evaluating the reasonableness of notice under this rule may consider "[t]he stage which the case had reached at the time of the notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised." Fed. R. Civ. P. 44.1 advisory committee's note to 1966 adoption. The rule does not set a definite limit on a party's time for giving notice. In some cases, the issue may not become apparent until the trial; in others, notice should be given at an earlier stage of the proceedings. *See id.*

We agree with the Ninth Circuit that "[i]t is only fair to provide notice of potential application of foreign law as early as is practicable and, in any event, at a time that is reasonable in light of the interests of all parties and the court." *DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*, 268 F.3d 829, 847 (9th Cir. 2001).

In excluding Azarax's evidence of Mexican law, the district court explained that the litigation had been pending for over three years when Azarax raised foreign law for the first time in response to the defendants' motion for summary judgment. The court found that Azarax provided no reason for the late notice, and that the delay was not reasonable.

Azarax contends that delayed notice was justified because it did not learn that the validity of the shareholder agreement was at issue until the defendants moved for summary judgment in December 2018. There was ample basis, however, for the district court's conclusion that Azarax should have given earlier notice. In January 2017, the defendants answered the complaint by asserting that Azarax lacked standing, that the interests of Convey Mexico were not validly assigned to Azarax, and that Azarax was not the real party in interest. R. Doc. 34, at 33-34. At that point, Azarax should have known that the analytical steps required to show that Azarax validly succeeded Convey Mexico would require it to establish a valid merger between Convey Mexico and Azarax Holding.

The issue was raised even more starkly in a deposition taken on February 20, 2018. Defense counsel questioned Guy Rosbrook, the president of Azarax, about whether there was a unanimous vote in favor of the merger, and whether Rosbrook had performed due diligence to ensure that the merger of Convey Mexico and Azarax Holding was valid. R. Doc. 219-1, at 53. Shortly thereafter, on May 21, 2018, Syverson and the law firm moved for sanctions based on Barrera's failure to appear. The defendants recited that the Convey Mexico shareholder agreement required that any merger be approved by a unanimous vote of all shareholders, and sought a

judicial admission that Convey Mexico did not hold a shareholder vote to approve the merger with Azarax Holding.  R. Doc. 136, at 15-16.

Taken all together, these pointed references to the need for unanimity of the shareholders and the validity of the merger, along with the defendants' answer to the complaint, should have alerted Azarax that the shareholder agreement was central to the defense.  Yet rather than give timely notice of an intent to raise an issue about Mexican law, Azarax waited until discovery closed and the defendants moved for summary judgment in December 2018.  The district court properly determined that Azarax failed to provide an adequate justification for its delayed notice.

The district court also reasonably relied on the fact that late disclosure deprived the defendants and the court of timely notice.  Timely notice "would have aided the district court's planning for trial and its decision on applicability and substance of foreign law." *DP Aviation*, 268 F.3d at 849.  Azarax eventually proffered an affidavit from a law professor opining on the significance of Mexican law for the validity of the merger.  At that point, the defendants were left to address the new issue of foreign law in a reply brief with no opportunity for discovery of Azarax's expert and minimal time to gather information about foreign law or to identify an expert of their own.  The court would have been required either to decide an issue of foreign law without the benefit of thorough briefing or to extend litigation that was already three years old to permit additional briefing and discovery.  The district court is entitled to considerable deference in managing litigation, and the court did not abuse its discretion in excluding the evidence of Mexican law under the circumstances.

For these reasons, the summary-judgment record established that the shareholders of Convey Mexico did not unanimously provide written consent for the merger with Azarax Holding, so the merger was not valid.  As such, Azarax is not a successor in interest to Convey Mexico, and lacks standing to pursue any claim that Convey Mexico may have against the defendants.  We therefore affirm the district

court's dismissal of the complaint, but modify the judgment to dismiss the complaint without prejudice. *See Davis v. Morris-Walker, LTD*, 922 F.3d 868, 872 (8th Cir. 2019).

_____