**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

August 3, 2023

Jody C. Barillare, Esquire
Morgan, Lewis, & Bockius LLP
1201 Market Street, Suite 2201
Wilmington, Delaware 19801

David L. Finger, Esquire
Finger & Slanina LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, Delaware 19801

> RE: *PVH Polymath Venture Holdings Ltd. v. TAG Fintech, Inc.*,
> C.A. No. 2023-0502-BWD

Dear Counsel:

Through this action, plaintiff PVH Polymath Venture Holdings Ltd. ("Plaintiff") seeks to compel the production of books and records of defendant TAG Fintech, Inc. ("TAG," or the "Company") pursuant to 8 *Del. C.* § 220. In the interest of narrowing the issues in this summary proceeding, I write in advance of trial, currently scheduled for August 24, 2023, to address Plaintiff's Motion *In Limine* to Bar Evidence Regarding Cyprus Law (the "Motion"). For the reasons explained below, the Motion is granted.[1]

---

[1] The parties have agreed to submit this action to me for a final decision pursuant to Court of Chancery Rule 144(h). *See* Ct. Ch. R. 144(h) ("Subject to the approval of the Court, the parties may agree to submit any case or proceeding or any claim or issue in a case or proceeding to a Magistrate in Chancery for a final decision that shall not be subject to further judicial review.").

Plaintiff sent the books and records demand at issue (the "Demand") on January 12, 2023. Verified Compl. for Inspection of Books and Records [hereinafter, "Compl."], Dkt. 1, Ex. G. The Demand attached a Declaration, executed by Abhishek Gupta in his capacity as "Director" of Plaintiff, stating that Gupta is authorized "to speak and represent on [Plaintiff's] behalf for purposes of claims of stock ownership." Demand at Ex. 1. On January 20, 2023, TAG rejected the Demand on several grounds, including "serious concerns" that Gupta lacked authority to make the Demand on behalf of Plaintiff based on "public information from the registration system of Cyprus, [Plaintiff's] place of incorporation, indicat[ing] that there is only one director of [Plaintiff], an entity named Hamervate Limited." Compl., Ex. H. Plaintiff responded that Hamervate Limited acts as trustee to nominally hold Gupta's shares on his behalf and acts at Gupta's sole direction, and that TAG has dealt directly with Gupta on numerous occasions, including when Plaintiff made its initial investment in the Company.

Plaintiff initiated this action through the filing of a Verified Complaint for Inspection of Books and Records (the "Complaint") on May 8, 2023. On June 5, 2023, TAG answered the Complaint, raising as an affirmative defense that the Demand is "invalid because Abhishek Gupta is neither a director nor an officer of Plaintiff and was not authorized by Plaintiff to make such demand on its behalf."

Def's. Answer to Verified Compl. for Inspection of Books and Records at 17, Dkt. 14.  On June 22, 2023, in response to an interrogatory asking TAG to describe the factual basis for that defense, TAG stated that "Gupta's name does not appear as a shareholder in TAG's books and records" and "[h]e has not provided any document showing that he has been authorized to represent [Plaintiff], either in making a books and records demand upon [TAG] or initiating litigation against [TAG]."  Pls.' Mot. to Compel, Dkt. 22, Ex. C at 8.

The scheduling order entered in this action (the "Scheduling Order") requires that "[a]ll discovery shall be completed" by June 29, 2023.  Scheduling Order ¶ 3(f), Dkt. 21.  It further provides that the parties shall "[e]xchange lists identifying potential witnesses each party may introduce at trial through affidavit, if any," by June 19, 2023, and "[n]o witness shall be included on either party's final witness list in the [pre-trial order] who w[as] not included on at least one party's witness list pursuant to paragraph (f) unless good cause is shown for including the new witness and the party seeking to include the new witness informed the other party as soon as reasonably practicable upon deciding to include the new witness."  *Id*. ¶¶ 3(d), 8.[2]

---

[2] The reference to "paragraph (f)" appears to be a typo intended to reference Paragraph 3(d).

Nearly a month after the discovery deadline, on July 24, 2023, TAG produced to Plaintiff an expert opinion rendered by Chrysostomides & Co., LLC (the "Chrysostomides Opinion"), opining that the law of the Republic of Cypress requires a corporation's directors to execute a formal board resolution in order to "competently" authorize litigation. On July 25, 2023, TAG filed a Notice of Foreign Law Pursuant to Chancery Rule 44.1, stating that TAG intends to introduce the corporate law of the Republic of Cyprus in this action, as reflected in the Chrysostomides Opinion. Dkt. 30. On July 26, 2023, Plaintiff filed the Motion, which seeks an order precluding TAG from introducing the Chrysostomides Opinion or other evidence regarding corporate law from the Republic of Cyprus.

Discovery deadlines are designed to "ensur[e] that parties provide discovery in a timely fashion, thereby avoiding trial by surprise and the prejudice that results from belated disclosure." *IQ Holdings, Inc. v. Am. Com. Lines Inc.*, 2012 WL 3877790, at *1 (Del. Ch. Aug. 30, 2012). "Generally speaking, Delaware courts strictly adhere to discovery cut-off dates." *Id*. In deciding whether late production justifies excluding evidence, the Court "'must balance its duty to admit all relevant and material evidence with its duty to enforce standards of fairness and the Rules of Court.'" *Id*. (citing *Concord Towers, Inc. v. Long*, 348 A.2d 325, 326 (Del. 1975)).

In summary books and records proceedings, deadlines are essential. To litigate efficiently under a summary schedule,[3] the parties need to cooperate with one another to tee up issues for resolution. There isn't time for "overly aggressive litigation strategies"[4] and games of "gotcha."

The Scheduling Order here precludes the parties from including witnesses in the pre-trial order who were not designated by June 19 absent good cause, and includes a discovery cutoff of June 29.[5] TAG did not produce the Chrysostomides Opinion until July 24. TAG has not demonstrated good cause why it should be permitted to advance this opinion. TAG argues only that Plaintiff is not prejudiced because the Company "does not object to a deposition of the witness (as well as

---

[3] *See* Assignment Letter at 1, Dkt. 6 ("[A]ctions filed pursuant to 8 *Del. C.* § 220 are summary in nature. Accordingly, this court attempts to resolve them within ninety days . . . .").

[4] *Pettry v. Gilead Scis., Inc.*, 2020 WL 6870461, at *30 (Del. Ch. Nov. 24, 2020), *judgment entered*, (Del. Ch. 2020).

[5] TAG's position that the Scheduling Order does not impose deadlines for expert discovery or identification of witnesses is meritless. The discovery cutoff is not limited to fact discovery—it applies to "[a]ll discovery," including expert discovery. Scheduling Order ¶ 3(f). Further, TAG claims that "the only reference to a deadline to identify witnesses" applies to "witnesses each party may introduce at trial through affidavit, if any," and the Scheduling Order "does not place a time limit when parties must disclose their full set of witnesses." Defs.' Resp. to Pl.'s Mot. in Limine to Bar Evidence Regarding Cyprus Law [hereinafter "Opp'n"] ¶ 3, Dkt. 35. That is wrong—the Scheduling Order precludes the parties from adding witnesses (including expert witnesses) "who were not included on at least one party's witness list [exchanged on June 19] . . . unless good cause is shown . . . ." Scheduling Order ¶ 8.

procuring a counter-expert), and Plaintiff has not explained why that is not feasible."

Opp'n ¶ 5. The issue is not whether Plaintiff has been prejudiced, but whether TAG

has demonstrated good cause for ignoring the deadlines, and it has not.[6] But to the

extent prejudice matters, Plaintiff has already filed its opening pre-trial brief, and

scrambling to retain a rebuttal witness and conduct additional expert depositions in

advance of a trial that is three weeks away would be burdensome and prejudicial.

TAG also contends that its disclosure under Court of Chancery Rule 44.1 is

timely because it was made prior to the pre-trial conference. *See* Opp'n ¶ 7 (citing

*Stuart v. U.S.*, 813 F.2d 243 (9th Cir. 1987), *rev'd on other grounds*, 489 U.S. 353

(1989)). I disagree. In the context of the summary schedule, and in light of the

Court-ordered deadlines, notice was not timely.[7] The Motion is granted.

---

[6] *See S'holder Representative Servs. LLC v. Alexion Pharmaceuticals, Inc.*, C.A. No. 2020-1069-MTZ (Del. Ch. Mar. 23, 2023) (ORDER) ("That [defendant] does not believe [plaintiff] would not be prejudiced (it would be) does not matter. Deadlines matter, and [defendant] missed the deadline for identifying [its expert] and the subject matter of his testimony. [Defendant's] position that this Court has never stricken an expert report for being late is false."); *see also Encite LLC v. Soni*, 2011 WL 1565181, at *5 (Del. Ch. Apr. 15, 2011) (denying motion to amend scheduling order to extend expert deadlines where the "plaintiff ha[d] failed to demonstrate 'excusable neglect,' and the record d[id] not support a finding of good cause to modify the Scheduling Order").

[7] *See Azarax, Inc. v. Syverson*, 990 F.3d 648, 653 (8th Cir. 2021) ("A court evaluating the reasonableness of notice under [Rule 44.1] may consider '[t]he stage which the case had reached at the time of the notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised.'").

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery


cc:     All counsel of record (by File & ServeXpress)